PABLO MANGUAL y EVARISTA RIVERA, ETC., ET AL., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. ANTONIO J. MATTA, JUEZ, demandado.

*Número*: C-62-31    *Resuelto*: 31 de mayo de 1963

Sala integrada por el Juez Asociado Señor Blanco Lugo como Presidente Accidental de Sala y los Jueces Asociados Señores Dávila y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 9 de noviembre de 1961 los cónyuges Pablo Mangual y Evarista Rivera, por sí y en el ejercicio de la patria potestad sobre su hijo menor Nelson, incoaron una acción en reclamación de daños y perjuicios contra el Municipio de Coamo, en la cual sustancialmente alegaron que el día 3 de febrero ante-

rior, en ocasión de celebrarse las fiestas patronales, dicho menor recibió graves lesiones al ser alcanzado por un cohete que fuera quemado como parte del espectáculo de fuegos artificiales que el municipio auspiciaba para el lucimiento de las festividades.[1] Se solicitó una indemnización de $40,000 para compensar los daños sufridos por el menor y $5,000 por las angustias y torturas mentales experimentadas por los padres.

El municipio demandado solicitó la desestimación de la acción aduciendo que los hechos expuestos en la demanda dejaban de exponer una reclamación que justificara la concesión de remedio. Señalada para vista esta moción, aparentemente el tribunal en corte abierta dictó una resolución declarando con lugar la desestimación por no surgir de las alegaciones[2] que se hubiera dado cumplimiento a las disposiciones del Art. 96 de la Ley Municipal de 1960, Núm. 142 de 21 de julio de 1960, 21 L.P.R.A. sec. 1603, que en su parte pertinente lee como sigue:

"(a) Toda persona que tenga reclamaciones de cualquier clase contra una corporación municipal, por daños personales o a la propiedad, causados por culpa o negligencia de la corporación municipal, deberá presentar al jefe ejecutivo de ésta una notificación escrita, haciendo constar en forma clara y concisa la fecha, sitio, causa y naturaleza general del daño sufrido, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante así como el sitio donde recibió tratamiento médico en primera instancia.

"(b) Dicha notificación se entregará al jefe ejecutivo de la corporación municipal remitiéndola por correo certificado, o por

---

[1] Sobre la responsabilidad de un municipio por accidentes con motivo del uso de fuegos artificiales, véanse, *Bonet* v. *Municipio de Barceloneta*, 87 D.P.R. 81 (1963), y *Padilla* v. *Municipio de Manatí*, 88 D.P.R. 18 (1963).

[2] En relación con la necesidad de alegar afirmativamente en la demanda que se ha cumplido con el requisito de notificación, véase, Anotación, *Necessity and sufficiency of plaintiff's pleading of having given requisite notice or presented claim to municipality or other public body*, 83 A.L.R.2d 1178 (1962).

diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.

"(c) La referida notificación escrita se presentará al jefe ejecutivo municipal dentro de los noventa días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta días siguientes a la fecha en que cese la incapacidad.

"(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligada a notificar la reclamación dentro de los noventa días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad, custodia o tutela no lo hiciere.

"(e) No podrá iniciarse acción judicial de clase alguna contra una corporación municipal por daños causados por la culpa o negligencia de aquélla si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta ley. Lo anterior es aplicable únicamente a los daños causados por cualquier corporación municipal con posterioridad a la vigencia de esta ley."

Le concedió además a la parte demandante un término de treinta días para que diera cumplimiento a las disposiciones de la Ley Municipal y suspendió los procedimientos hasta entonces.

La parte demandada solicitó se desestimara sumariamente la demanda fundándose en que la única notificación recibida por la Alcaldesa de Coamo estaba fechada en 10 de enero de 1962, y por tanto, luego de haber transcurrido el término de 90 días prescrito en el Art. 96 (d), *supra*. A la moción se unió la notificación recibida. (³) Celebrada la vista correspondiente,

---

(³) La parte demandada no presentó declaración o documento alguno en oposición a la solicitud de sentencia sumaria. No está envuelta, por

494

el tribunal recurrido accedió a lo solicitado, y en su consecuencia dictó sentencia desestimando la demanda. Expedimos auto de certiorari para revisar esta sentencia.

■ Los estatutos que requieren una notificación a los municipios como requisito previo a la iniciación de acción judicial en resarcimiento de daños y perjuicios responden a los propósitos de 1—proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2—desalentar las reclamaciones infundadas; 3—propiciar un pronto arreglo de las mismas; 4—permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5—descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6—advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7—mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. Bohannon, *Municipal Corporations—Notice of Claim in Negligence Cases*, 35 Va. L. Rev. 1101, 1103 (1949) ; Notas, 12 U. Fla. L. Rev. 109 (1959) ; 27 Fordham L. Rev. 289 (1958), 7 Buffalo L. Rev. 485, 487 (1958) ; Anotación, 34 A.L.R.2d 725, 728 (1954). McQuillin ([4]) los califica como expresiones de una política pública enderezada a evitar los gastos que ocasionan los pleitos innecesarios. En el curso de la discusión en la Cámara de Representantes mientras se discutía el proyecto que luego se convirtió en la Ley Municipal, la única manifestación que puede considerarse relacionada con el propósito legislativo al aprobar el Art. 96 transcrito precedentemente

---

tanto, ninguna cuestión relativa a la renuncia por el municipio del requisito de notificación o a su impedimento para suscitarla. Véase, Anotación, *Waiver of, or estoppel to assert, failure to give required notice of claim of injury to municipality, county, or other governmental agency or body*, 65 A.L.R.2d 1278 (1959).

([4]) *The Law of Municipal Corporations* (3a. ed., 1950), vol. 18, § 53.153.

fue hecha por el Representante Méndez, quien indicó que ". . . Si un municipio se puede demandar, ¿por qué no se puede establecer en ley, y en la Ley Municipal, que debe ser el sitio exacto, aquellas notificaciones previas para que el municipio tenga alguna defensa?" (5)

McQuillin, *op. cit.*, § 53.154, señala que estas disposiciones sobre notificación de accidentes son interpretadas en forma mandatoria y que se estima que su cumplimiento constituye una condición previa a la iniciación del pleito. "La notificación es una parte esencial de la causa de acción, y, a menos que se cumpla con la misma, no existe el derecho a demandar," dice. En el mismo sentido se pronuncian Yokley, *Municipal Corporations* (1958), vol. 3, Sec. 448, y Antieau, *Municipal Corporation Law* (1961), vol. 2, Sec. 11.17.

En ausencia de una disposición específica que se refiera a la demora o falta de notificación, los tribunales de Estados Unidos han adoptado tres posiciones distintas en cuanto al problema de si la minoridad del reclamante constituye una excusa suficiente para justificar el incumplimiento de dicho requisito. En un número de jurisdicciones—que aparentemente constituye la mayoría—se ha sostenido que el requisito es de cumplimiento estricto fundándose en que éste es una condición legítima que la subdivisión política puede imponer para que se le demande y que cuando el estatuto no contiene una disposición expresa dispensando del cumplimiento ello evidencia la intención legislativa de que se aplique a todos los reclamantes por igual, irrespectivamente de su condición física o mental. *Kelleher* v. *Ephrata School District No. 165, Grant Co.*, 355 P.2d 989 (Wash. 1960); *Goncalves* v. *San Francisco Unified School District*, 332 P.2d 713 (Cal. 1959); *Jones* v. *City Council of Augusta*, 110 S.E.2d 691 (Ga. 1959); *Albaeck* v. *Santa Barbara County*, 266 P.2d 844 (Cal. 1954). Otras cortes han adoptado una posición diametralmente opuesta y excusan el

---

(5)*Diario de Sesiones*, 1958, vol. 10, tomo 4, pág. 1783.

incumplimiento del requisito de notificación considerando que éste presupone una persona hábil para hacerla, *Sowers* v. *Forsyth Warehouse Company,* 123 S.E.2d 603 (N.C. 1962); *Carter* v. *City of Greensboro,* 106 S.E.2d 564 (N.C. 1959); y reconocen que la condición física del perjudicado puede habérselo impedido—en otras palabras, la gravedad de las lesiones recibidas es el motivo mismo que le priva de verificar la comunicación—o, si se trata de menores, fundándose en que éstos no tienen una persona que les represente o actúe o como su agente. *Atlanta* v. *Barrett.* 116 S.E.2d 654 (Ga. 1960. Una tercera posición intermedia distingue entre los infantes y los menores que tienen capacidad suficiente para discernir competentemente sobre este particular. Para una discusión amplia puede consultarse la anotación *Infancy or incapacity as affecting notice required as condition of holding municipality or other political subdivision liable for personal injury,* 34 A.L.R.2d 725 (1954).

Puede afirmarse que la interpretación sobre el carácter mandatorio de la notificación depende en último análisis de la forma en que está redactado el estatuto. Es necesario, por tanto, que examinemos detenidamente el Art. 96, a la luz de su historia legislativa y de la institución de la patria potestad, para llegar a una conclusión sobre el asunto planteado. Conviene señalar que en el capítulo que comprende las disposiciones generales de la Ley Municipal se determina expresamente en el Art. 95, 21 L.P.R.A. sec. 1602, que el Tribunal Superior tendrá jurisdicción, a instancia de parte perjudicada "[p]ara conceder, mediante juicio ordinario, compensación de daños y perjuicios a los perjudicados por actos u omisiones de los funcionarios o empleados de los municipios por malicia, negligencia o ignorancia inexcusable," y que el artículo siguiente, el 96, es el que condiciona el ejercicio de la acción en reclamación por daños personales o a la propiedad causados por culpa o negligencia de la corporación municipal.

Llama también la atención el hecho de que de la escasa historia legislativa que disponemos aparece que el requisito de notificación se consideró de carácter sustantivo.([6])

El inciso (c), después de establecer que la notificación debe hacerse dentro de los 90 días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños, admite por excepción que si el reclamante estuviere mental o físicamente imposibilitado para hacerla dentro de dicho término, podrá presentarla dentro de los 30 días siguientes a la fecha en que cese la incapacidad. En esta forma se enfrenta al reparo que podría formularse al efecto de que la notificación presupone una persona hábil para hacerla. En el caso de los menores, expresamente el inciso (d) provee que es el padre que ejerce la patria potestad quien viene obligado a notificar la reclamación, supliendo así la falta de capacidad de éstos. La obligación primaria se le impone al padre, aunque ello no obsta para que el menor la haga personalmente si el obligado descuidare hacerla. Ello responde sin duda alguna al deber que dimana de la patria potestad de los padres representar a los hijos. Art. 153 del Código Civil, 31 L.P.R.A. sec. 601; cf. Regla 15.2 de las de Procedimiento Civil de 1958. La ausencia de la institución de la patria potestad con su contenido de facultades y deberes ayuda a explicar por qué en algunas jurisdicciones se ha resuelto que el cumplimiento del requisito de notificación puede excusarse en el caso de un menor, pues precisamente en ellos no se reconoce o acepta que su incapacidad sea suplida por el padre o madre. En *Rosenberg* v. *City of New York*, 130 N.E.2d 629, 631 (1955), se da énfasis al hecho de que el estatuto no autorizaba expresamente a persona al-

---

([6]) "Sr. *Santaliz Capestany*: La primera es, ¿no cree el compañero que su enmienda lo que hace es incorporar a la Ley Municipal reglas de procedimientos que deben estar contenidas en una legislación aparte? O sea, reglas de procedimientos estableciendo cómo se incoa, o cuándo se incoa un procedimiento contra un municipio.

"Sr. *Aponte*: Si me pregunta a mi, le digo que no. Creo honradamente que no *Son reglas de carácter sustantivo*." (*Diario de Sesiones*, vol. cit., pág. 1783.)

guna a actuar a nombre del menor. Véase, comentario en 30 St. John's L. Rev. 293 (1956).

Además, aparentemente el Art. 96 fue tomado en gran parte de la Sec. 50-e de la Ley Municipal General de Nueva York, McKinney's *Consolidated Laws of New York*, libro 23, págs. 85-86, que expresamente contiene una disposición ([7]) que permite a los tribunales conceder autorización para hacer la notificación aun después de expirado el término de 90 días, previa demostración de justa causa para la demora, *In re Negrone*, 224 N.Y.S.2d 172 (1962); *Goglas* v. *New York Housing Authority*, 216 N.Y.S.2d 756 (1961); *Manceri* v. *City of New York*, 198 N.Y.S.2d 388 (1960); *In re Colon*, 192 N.Y.S.2d 925 (1959); *Spicer* v. *City of Watertown*, 189 N.Y.S.2d 407 (1959), y siempre que ello se haga dentro del año de la ocurrencia del suceso que da margen a la reclamación. *Agress* v. *City of New York*, 214 N.Y.S.2d 24 (1961); *Chikara* v. *City of New York*, 199 N.Y.S.2d 829 (1960); *Martin* v. *School Board of Union Free District*, 93 N.E.2d 655 (1950); Notas, 7 Syracuse L. Rev. 182 (1955); 1 Buffalo L. Rev. 64 (1951); 24 St. John's L. Rev. 318 (1950); 2 Syracuse L. Rev. 177 (1950). Es significativo que este inciso no se incorporó a nuestra ley, y que en su lugar se insertaron los incisos (c) y (d) a que hemos hecho referencia.

■ Todo lo expuesto nos lleva a concluir que en Puerto Rico el cumplimiento del requisito de notificación es una con-

---

([7]) "Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor, or where a person entitled to make a claim dies before the expiration of the time limited for service of the notice, the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one.

"Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim, upon affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim . . ."

dición previa de cumplimiento estricto para poder demandar al municipio. ([8])

*Se anulará el auto expedido y se confirmará la sentencia dictada por el Tribunal Superior, Sala de Ponce, en 13 de marzo de 1962.*

---

([8]) *Guzmán Muñoz* v. *Comisión Industrial,* 85 D.P.R. 700 (1962), y *Cuebas Fernández* v. *P.R. American Ins. Co.,* 85 D.P.R. 626 (1962), plantean un problema distinto, pues en los mismos estaban envueltos requisitos de notificación en relación con pólizas de seguro, en que la interpretación debe favorecer al asegurado.