# 2000 DTA 174

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL II DE BAYAMON**
**PANEL I**

JULIO AQUINO SOTO Y SU ESPOSA ELIZABETH GARCIA, Y LA SOCIEDAD LEGAL DE
GANANCIALES COMPUESTA POR ELLOS
Demandantes-Apelantes

v.

MUNICIPIO DE BAYAMON, SU ASEGURADORA ADJUSTER INC., DEPARTAMENTO DE
RECREACION Y DEPORTES Y OTROS
Demandados-Apelados

Núm. KLAN-2000-00495

San Juan, Puerto Rico, a 15 de agosto de 2000

Panel integrado por su Presidente, el Juez Sánchez Martínez,
la Jueza Cotto Vives y la Jueza Ramos Buonomo

Sánchez Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La controversia que plantea este recurso es si el Tribiunal de Primera Instancia actuó correctamente al desestimar la demanda de daños y perjuicios contra el Municipio de Bayamón (a base de que el demandante no hizo la notificación de intención de demandar en el plazo requerido por el Art. 15.003 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, *infra*, ni demandó dentro del plazo prescrito por ley) y contra una compañía de ajustadores (a base de que dicha entidad no era la aseguradora del referido Municipio).

De los hechos alegados en los diversos escritos que tuvo ante sí el Tribunal de Primera Instancia, se desprende que el 20 de enero de 1998, Julio Aquino Soto, residente de Chicago, Illinois, pero de vacaciones en Puerto Rico, se cayó, mientras trotaba, al tropezar con ciertas protuberancias de la pista aledaña a la Cancha Pepín Cestero de Bayamón. Sufrió daños.

El 23 de abril de 1999, Aquino Soto, su esposa Elizabeth García y la sociedad de bienes gananciales, compuesta por ambos presentaron una demanda contra el Municipio de Bayamón, *"su aseguradora"* Adjusters, Inc. y el Departamento de Recreación y Deportes. La acción estuvo predicada en la culpa o negligencia de los demandados al mantener abierta al público una facilidad recreativa en malas condiciones de uso.

El Municipio de Bayamón solicitó, en sendas mociones, la desestimación de la demanda a base de: (1) que la acción estaba prescrita y (2) que los demandantes no habían hecho la notificación de intención de demandar requerida por el Art. 15.003 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, 21 L.P.R.A. sec. 4703.

En su oposición a la desestimación, los demandantes adujeron que habían hecho la referida notificación mediante carta fechada el 21, pero depositada en el correo el 23 de abril de 1998, a los 93 días del accidente. (Véase, recibo matasellado por el correo federal en el apéndice del curso, a la pág. 17.) Los demandantes no indicaron la razón que tuvieron para no haber hecho la notificación dentro del plazo de 90 días. Se limitaron meramente a invocar que dicho plazo no es jurisdiccional. Respecto a la prescripción, adujeron que el 14 de agosto de 1999, es decir, a menos de una semana de expirar el plazo prescriptivo de un año, ellos le remitieron una carta al Municipio de Bayamón que sirvió para interrumpir el término de prescripción. Dicha carta, en lo pertinente, se leía como sigue:

*"Estimado Alcalde:*

*En carta del 21 de abril de 1998, le notificamos, en representación del señor Julio Aquino, que éste sufrió una caída el 20 de enero de 1998.*

*Dicha caída ocurrió en la pista de las facilidades de la Cancha Pepín Cestero en Bayamón.*

*El señor Aquino sufrió daños como consecuencia de dicha caída. [E]l propósito expreso de esta carta es interrumpir cualquier período prescriptivo extra judicial o judicial en el presente caso."*

De otro lado, Adjusters, Inc. presentó una moción de sentencia sumaria acompañada de una declaración jurada de su presidente, en la que alegó que ella no se dedica ni es una compañía de seguros, sino que, desde 1970, se dedica a la investigación y ajuste de reclamaciones para compañías de seguros autorizadas a hacer negocios en Puerto Ricon previo acuerdo a esos efectos.

El 5 de diciembre de 1999, el tribunal apelado dictó una sentencia parcial final en la que desestimó la

demanda contra el Municipio de Bayamón, y el 15 de diciembre de 1999 dictó otra parcial sentencia final en la que desestimó la demanda contra Adjusters, Inc. Ambas sentencias estuvieron basadas en los fundamentos de desestimación invocados por las partes co-demandadas.

Inconforme con tales dictámenes, los demandantes Aquino García apelan. Le imputan error al tribunal sentenciador al resolver: (1) que el plazo de 90 días dispuesto por la Ley de Municipios Autónomos es jurisdiccional; (2) que la demanda estaba prescrita; y (3) que Adjusters, Inc. no respondía como agente de la aseguradora del Municipio, la cual está radicada en Estados Unidos.

El primer señalamiento de error no se cometió. En *Mangual v. Tribunal Superior,* 88 D.P.R. 491 (1963), el Tribunal interpretó que en Puerto Rico el aludido requisito de notificación *"es una condición previa de cumplimiento estricto para poder demandar al municipio". Id.,* a las págs. 498-499. Adoptó así la interpretación que a disposiciones análogas le habían dado la mayoría de los tribunales estatales de Estados Unidos de que dicha notificación *"es una parte esencial de la causa de acción y, a menos que se cumpla con la misma, no existe el derecho a demandar". Id.,* a la pág. 495.

Es cierto que después de *Mangual,* el Tribunal Supremo eximió de dicho requisito jurisdiccional a algunos demandantes. *Garriga v. Northern Assurance Co.,* 92 D.P.R. 245 (1965) (el requisito no es aplicable a una compañía aseguradora de un municipio); *Rosario Quiñones v. Municipio de Ponce,* 92 D.P.R. 586 (1965) (el requisito no es aplicable a acciones contra un municipio por la violación de un contrato [acción *ex contractu*); *Insurance Co. of P.R. v. Ruiz,* 96 D.P.R. 175 (1968) (el requisito no es aplicable en casos donde un demandado reconviene a un municipio que es demandante); *Díaz v. Municipio de Cayey,* 99 D.PR. 196 (1970) (el requisito no es aplicable a acciones contra un municipio donde se reclama justa compensación por el uso de propiedad privada al amparo de la Sec. 9 del Art. II de la Constitución); y *Passalacqua v. Mun. de San Juan,* 116 D.P.R. 618 (1985) (el requisito no es aplicable si un reclamante presenta su demanda contra el Municipio y diligencia el emplazamiento correspondiente dentro del aludido término de 90 días desde que tuvo conocimiento de los daños reclamados).

Pero en *López v. Autoridad de Carreteras,* 133 D.P.R. 243 (1993), Tribunal Supremo expresó que:

*"...es menester entender clara y precisamente porqué no aplicamos dicho requisito en esas cinco (5) decisiones. No lo hicimos porque considiráramos que el mismo carecía de vigencia o porque creyésemos que tal requisito era irrazonable, o tan restrictivo de los derechos de los reclamantes que debíamos dispensarlos del claro mandato legislativo. Lo hicimos, sencillamente, porque en las circunstancias de cada uno de esos casos, el esquema legislativo carecía de virtualidad; porque en ellos no se podían cumplir los propósitos y objetivos del requisito; porque jurídicamente no tenía razón de ser aplicar el requisito a tales circunstancias, ya que no fue para ellas que se estableció dicho requisito. La dirección de nuestra "trayectoria liberalizadora" no ha sido la de dejar sin efecto un requisito que el legislador puertorriqueño claramente ha insistido debe cumplirse, sino la de aplicarlo a los casos donde propiamente debe aplicarse, sin rigorismos desmedidos."*
*Id.,* a la pág. 252.

El propio caso de *López,* que los demandantes invocan para apoyar sus argumentos, es el apropiado para rechazar sus pretensiones. En *López,* una turista, igual que el aquí demandante Aquino, se cayó al cruzar una calle en el Condado y sufrió daños. Demandó a los 91 días en la corte federal al Departamento de Transportación y Obras Públicas y a la Autoridad de Carreteras y los emplazó a los 117 días. Desestimado el caso en la corte federal y una vez instado de nuevo el mismo ante el extinto Tribunal Superior, la demandante averiguó que la calle pertenecía al Municipio de San Juan y enmendó su demanda para incluirlo. Una vez en el pleito, el Municipio de San Juan planteó lo mismo que planteó en el caso de autos el de Bayamón: que no se le había notificado la intención de demandar en el mencionado plazo de 90 días.

La demandante en *López* invocó la trayectoria de liberalidad observada por el Tribunal Supremo en ciertos

517

casos en que eximió a la parte demandante del requisito de notificación para justificar el mismo trato. Pero el Tribunal Supremo, contra todo pronóstico de la demandante, rechazó la invitación. Al igual que en *López*, en el caso de autos no coincide ninguna de las circunstancias que la jurisprudencia ha utilizado para eximir de dicho requisito de notificación a un demandante.

El requisito del Art. 15.003 de la Ley de Municipios Autónomos cobra plena vigencia en el caso concreto de los demandantes Aquino García. Se trata: (1) de una reclamación de daños por responsabilidad extracontractual; (2) basada en la supuesta culpa o negligencia del municipio; (3) incoada por iniciativa del reclamante; (4) directamente contra el municipio; (5) en la cual el municipio no tiene forma de conocer los detalles esenciales del daño por el cual se reclama, si no media alguna notificación adecuada por el reclamante. Presente estos elementos, el reclamante viene obligado a notificar al municipio dentro de 90 días contados desde que tuvo conocimiento de los daños que dan lugar a la reclamación, y si no se hace esa notificación, no procede acción judicial de clase alguna contra el municipio por dichos daños. *López*, 133 D.P.R. 243, a las págs. 252-53.

La circunstancia invocada por los demandantes es que Aquino reside en Chicago y no fue sino hasta 60 días después del accidente que consultó con el abogado que lo representa en este caso *"y es entonces que se entera que posiblemente el Municipio de Bayamón era responsable de dichas facilidades recreativas en donde sufrió el accidente"* y *"notificó a través del abogado suscribiente a los 33 días de conocer al posible autor de los daños"*. (Escrito de apelación, a la pág. 7.) Añade que al día de hoy desconoce aún si las facilidades deportivas en que ocurrió el accidente pertenecen al Municipio de Bayamón. Los demandantes no indican porqué razón su abogado no pudo hacer la notificación dentro de los siguientes 30 días y tuvo que esperar a los 33 días para hacerla. De hecho, su propio relato indica con evidente candidez que ni siquiera al día de hoy ha hecho gestiones para conocer a quién pertenecen las facilidades en cuestión.

Precisamente en *López*, el Tribunal Supremo rechazó este tipo de excusa como justificación de la falta de notificación:

*"En este caso, los recurridos no alegan que estaban impedidos de conocer si el municipio era responsable. Todo lo que alegan en realidad es que no se dieron cuenta de la posible responsabilidad del municipio hasta que los demandados iniciales lo levantaron como defensa. El desconocimiento cabal de la ley o la falta de la simple diligencia de investigar bajo qué jurisdicción estaba el lugar donde ocurrió el accidente no son el tipo de situación que contemplamos en Riley [v. Rodríguez, 119 D.P.R. 762 (1987)] o en Colón Prieto [v. Géigel, 115 D.P.R. 232 (1984)]. No podemos hacer caso omiso del claro mandato legislativo sobre el término dentro del cual debe realizarse la notificación, sólo para acomodar el descuido o desidia del recurrido. El dato claro es que los reclamantes aquí, desde el principio, pudieron haber averiguado sin mucho esfuerzo sobre la posible responsabilidad del Municipio de San Juan y pudieron fácilmente haber hecho la notificación requerida a tiempo, pero no lo hicieron. Perdieron, pues, su derecho a reclamar."*

No existe, por lo tanto, una circunstancia meritoria que justifique adecuadamente que eximamos a los demandantes Aquino García del requisito de notificación al municipio. Por tal razón, actuó correctamente el tribunal sentenciador al desestimar la demanda contra el Municipio Bayamón.

Como no es necesario discutir el segundo error planteado (si la demanda contra el municipio estaba prescrita o no), discutiremos el tercer error relativo a la demanda contra Adjusters, Inc. Los demandante aquí apelantes --esposos Aquino García--, afirman que Adjusters, Inc. responde como agente de la aseguradora del Municipio, la cual está radicada en Estados Unidos. No tienen razón.

Los esposos Aquino García, como ya dijimos, hicieron la notificación al Municipio de Bayamón mediante carta que depositaron en el correo el 23 de abril de 1998. Es evidente que el municipio refirió el asunto a la compañía de seguros, pues el 2 de julio de 1998, Adjusters, Inc. le remitió una carta en la que *"a nombre de*

*nuestros principales Admiral Insurance Company"*, les requirió ciertos documentos necesarios para el ajuste de la reclamación. Es decir, desde el principio, Adjusters, Inc. le reveló a los reclamantes que la compañía aseguradora del Municipio de Bayamón era Admiral Insurance Company y no ella.

Como se sabe, un ajustador de seguros *"es la persona que por compensación como contratista independiente o como empleado de un contratista independiente, o por honorarios, comisión o sueldo, investiga y negocia el ajuste de reclamaciones que surjan de contratos de seguros exclusivamente a nombre del asegurador o del asegurado"*. Art. 9.050 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 905. El asegurado es, en cambio, la persona que se dedica a la contratación de seguros. Art. 10.030 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 103. A no ser que la parte demandante hubiese alegado y demostrado con prueba que Adjusters, Inc. era la aseguradora del Municipio de Bayamón, su reclamación contra ella basada en un contrato de seguro, era a todas luces improcedente. Como no surge de los autos del caso que tal cosa hubiese ocurrido, actuó correctamente el foro de primera instancia al desestimar la demanda instada contra Adjusters, Inc. ■

Con estos antecedentes, se confirman las sentencias apeladas. El pleito podrá continuar contra el Departamento de Recreación y Deportes del Estado Libre Asociado de Puerto Rico, si es que no hubiere sido desestimado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General