El Juez Asociado Señor Rivera García
emitió la opinión del Tribunal.
El recurso de autos nos brinda la oportunidad de inter-pretar por primera vez parte del inciso (a) del Art. 15.003 de la Ley de Municipios Autónomos del Estado Libre Aso-ciado de Puerto Rico de 1991, Ley Núm. 81-1991 (21 LPRA see. 4703) (Ley Núm. 81 o Ley de Municipios Autónomos). En específico, nos corresponde evaluar la forma de entrega de la notificación previa a un alcalde, con la cual debe cum-plir toda persona que presente una reclamación en contra de un municipio por daños personales o a la propiedad, según dispone el referido precepto.
Por entender que la notificación realizada en el caso de autos fue conforme a derecho, revocamos la determinación del foro apelativo intermedio. A continuación hacemos un recuento de los antecedentes fácticos pertinentes que die-ron génesis a la controversia que hoy nos ocupa.
I
Según surge del expediente, el 13 de noviembre de 2009 la peticionaria, la Sra. María G. Rivera Fernández (señora Rivera o peticionaria), presuntamente sufrió una caída mientras caminaba por una acera pública del municipio de *199 Carolina (el Municipio o recurrido).(1) El 8 de diciembre de 2009, veintiséis días después del accidente, la señora Rivera completó y presentó personalmente en la alcaldía del Municipio un formulario titulado Informe de Incidente pro-visto por el propio Municipio.(2) En este, la señora Rivera especificó su información personal, describió la naturaleza del accidente, indicó la información de los testigos y el tra-tamiento médico recibido hasta ese momento. No obstante, el informe no especificaba la cuantía o el remedio solicitado debido a que el formulario no contenía un encasillado para tal información.(3)
El 21 de abril de 2010, la representación legal de la peticionaria envió una segunda notificación dirigida al al-calde del Municipio en la cual detalló los hechos, la infor-mación de los testigos, el tratamiento recibido y la compen-sación solicitada. (4) Esta comunicación se recibió en la Oficina de Asuntos Legales del Municipio. Posteriormente, entre agosto de 2010 y octubre de 2011, la representante legal de la señora Rivera envió varias comunicaciones a la compañía aseguradora del Municipio, en las que precisó la misma información notificada al recurrido.(5)
Finalmente, el 27 de diciembre de 2011, la señora Rivera presentó una demanda de daños y perjuicios contra el *200 Municipio y su compañía aseguradora.(6) Subsiguiente-mente, el Municipio presentó una moción de desestimación.(7) Según este, el Informe de Incidente suscrito por la señora Rivera no constituye la notificación requerida por el Art. 15.003 de la Ley de Municipios Autónomos, supra, ya que no especifica la compensación monetaria solicitada y el tipo de remedio adecuado al daño sufrido. Atendido el requerido petitorio, el 18 de mayo de 2012 el Tribunal de Primera Instancia emitió una orden y declaró “no ha lugar” la solicitud del recurrido.(8)
En desacuerdo con esa determinación, el Municipio acudió al Tribunal de Apelaciones mediante una petición de certiorari.(9) En esta adujo que el foro primario erró al resolver que la señora Rivera cumplió con el requisito de no-tificación previa y que la demanda presentada no estaba prescrita. Visto el recurso, el foro intermedio concluyó, en esencia, que el Informe de Incidente completado por la pe-ticionaria era insuficiente a la luz de los criterios estable-cidos en el Art. 15.003 de la Ley de Municipios Autónomos, supra.(10) Ello porque la notificación debía ser remitida directamente al alcalde del Municipio y debía incluir la cuantía o el remedio solicitado. Siendo así, el Tribunal de Apelaciones entendió innecesario discutir el planteamiento de prescripción presentado por el Municipio.
Inconforme con el dictamen del Tribunal de Apelacio-nes, la señora Rivera comparece ante nos mediante un re-curso de certiorari y señala el error siguiente:
*201 Erró el Tribunal de Apelaciones al resolver que la peticionaria no cumplió con el requisito de notificación previa del Art. 15.003 de la Ley de Municipios Autónomos, e incurrió en error manifiesto en la interpretación de la prueba y al no aplicar la jurisprudencia que exime del cumplimiento de la letra de la ley en aquellos casos donde el esquema legislativo carece de vir-tualidad, propósito u objetivo y donde dicho requisito no resulta adversamente afectado, como ocurre en el presente caso. (Énfasis suplido). Certiorari, pág. 3.
En síntesis, la contención de la señora Rivera es que al completar el Informe de Incidente personalmente en el Municipio y frente a un funcionario municipal, cumplió con el requisito de notificación al alcalde. En vista de ello, nos solicita que revoquemos el dictamen emitido por el foro apelativo. Por su parte, el Municipio se limita a exponer, en esencia, que el Informe de Incidente no constituyó la notificación previa requerida por la Ley de Municipio Autónomos. Por lo tanto, solicita que confirmemos la determinación del Tribunal de Apelaciones.(11)
Examinado el recurso presentado por la peticionaria, el 21 de diciembre de 2012 expedimos el auto solicitado. Con el beneficio de la comparecencia de ambas partes, procede-mos a resolver la controversia que nos ocupa.
II
A. Previo a atender el asunto principal ante nuestra consideración, debemos tener presente los preceptos que rigen en nuestro ordenamiento jurídico relativos a la interpretación de las leyes y al principio de hermenéutica legal. En ese contexto, hallamos que el Art. 14 del Código Civil de Puerto Rico, -31 LPRA sec. 14, dispone que cuando una ley es clara y libre de toda ambigüedad, su letra no debe ser menospreciada con el pretexto de cumplir con su espíritu.
*202 No obstante, en ocasiones anteriores hemos expresado que
[l]os tribunales estamos autorizados a interpretar las leyes cuando, entre otras, éstas no son claras o concluyentes sobre un punto en particular; cuando el objetivo, al realizarlo, es el de suplir una laguna en la misma; o cuando, con el propósito de mitigar los efectos adversos de la aplicación de una ley a una situación en particular, la justicia así lo requiere. (Enfasis en el original). Consejo Titulares v. Gómez Estremera et al., 184 DPR 407, 428-429 (2012), citando a Pueblo v. Ortega Santiago, 125 DPR 203, 214 (1990).
Conforme a ello, hemos reiterado que la letra de la ley no debe seguirse ciegamente cuando ello iría en detrimento de su espíritu y su fin. Consejo de Titulares v. Gómez Estremera et al., supra, pág. 429; Alonso García v. S.L.G., 155 DPR 91, 99 (2001); Sucn. Álvarez v. Srio. de Justicia, 150 DPR 252, 274 (2000). En ese sentido, aplica el principio rector que hemos enunciado en ocasiones anteriores que dispone que “[a]l interpretar una disposición específica de una ley, los tribunales deben siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla y nuestra determinación debe atribuirle un sentido que asegure el resultado que originalmente quiso obtenerse”. Consejo de Titulares v. Gómez Estremera et al., supra, pág. 429, citando a Morell et al. v. Ojeda et al., 151 DPR 864, 877 (2000). Véase Chase Manhattan Bank v. Mun. de San Juan, 126 DPR 759, 766 (1990).(12)
En cumplimiento con ese deber, debemos evitar una in-terpretación que pueda conducir a resultados absurdos e irrazonables. ASG v. Mun. San Juan, 168 DPR 337, 344 (2006); Díaz Marín v. Mun. de San Juan, 117 DPR 334, 342 (1986). Esto porque las leyes deben interpretarse con miras a lograr resultados sensatos, lógicos y razonables *203 que representen y salvaguarden la efectividad de la intención legislativa. ASG v. Mun. de San Juan, supra.
B. Con tales principios como norte, es imperativo ex-poner el marco estatutario y jurisprudencial sobre el requisito de notificación previa a los municipios. Esto con el objetivo de contextualizar las expresiones que más adelante formularemos sobre cómo debe realizarse tal notificación, conforme a los propósitos diseñados por la Asamblea Legislativa al promulgar la Ley de Municipios Autónomos.
El requisito de notificación al alcalde, previo a la iniciación de cualquier reclamación judicial por daños personales o a la propiedad causados por culpa o negligencia del municipio fue establecido por vez primera en la Ley Municipal de 1960, Ley Núm. 142 de 21 de julio de 1960, según enmendada, 21 LPRAant. see. 2001 et seq. (13) Desde *204 entonces esta Curia ha abordado e interpretado tal requi-sito en múltiples ocasiones, siendo la primera vez en Mangual v. Tribunal Superior, 88 DPR 491 (1963).
En aquella ocasión establecimos que la notificación previa en el plazo establecido por ley tiene el propósito de poner sobre aviso a la entidad municipal de que ha surgido una probable causa de acción por daños en su contra. Mangual v. Tribunal Superior, supra, pág. 494. Esto con el fin de que el municipio involucrado pueda activar sus recursos de investigación prontamente, antes de que desaparezcan los testigos y las pruebas objetivas en orden a la prepara-ción de una adecuada defensa contra la reclamación o una transacción adecuada de esta. íd. Además del objetivo de desalentar las reclamaciones infundadas, mitigar el im-porte de los daños sufridos y advertir a las autoridades sobre la posible necesidad de una reserva en el presu-puesto anual. Id.
Posteriormente, la Ley de Municipios de 1960 fue derogada y sustituida por la Ley Orgánica de Municipios de 1980, Ley Núm. 146 de 18 de junio de 1980 (21 LPRA ant. see. 2001 et seq.). Esta legislación también incluyó un requisito de notificación al primer ejecutivo municipal previo a la iniciación de cualquier reclamación judicial. Véase Art. 11.03 de la Ley Orgánica de Municipios de 1980 (21 LPRA ant. see. 3403). Véase, además, Passalacqua v. Mun. de San Juan, 116 DPR 618 (1985).
Subsiguientemente, la Asamblea Legislativa derogó y sustituyó la Ley Orgánica de Municipios de 1980 con la Ley de Municipios Autónomos, la cual fue promulgada *205 con el fin de establecer la constitución, organización, admi-nistración y funcionamiento de los municipios.(14) Véase Exposición de Motivos de la Ley Núm. 81-1991 (1991 (Parte 1) Leyes de Puerto Rico 459), P. de la C. 1296, llma Asamblea, pág. 1. Véase, además, Const. José Carro v. Mun. Dorado, 186 DPR 113, 121 (2011). Lo anterior diri-gido a otorgarles “el máximo posible de autonomía y proveerles las herramientas financieras y los poderes y facultades necesarias para asumir un rol central y fundamental en su desarrollo urbano, social y económico”. Art. 1.002 de la Ley Núm. 81 (21 LPRA sec. 4001 n.).
Conforme a la referida política pública, la Ley de Municipios Autónomos regula, entre otros asuntos, el procedimiento que debe seguir toda persona que interesa presentar una reclamación judicial en contra de un municipio por los daños ocasionados por su culpa o negligencia. Sobre este particular, el Art. 15.003 de la Ley Núm. 81, supra, dispone lo siguiente:
[t\oda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar al alcalde una notificación escrita, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.
*206 (a) Forma de entrega y término para hacer la notificación.— Dicha notificación se entregará al Alcalde, remitiéndola por correo certificado o por diligenciamiento personal o en cual-quier otra forma fehaciente reconocida en derecho.
La referida notificación escrita deberá presentarse al Al-calde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. [...]
........
(b) Requisito jurisdiccional. — No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél, a menos que se haga la notificación escrita, en la forma, manera y en los plazos dis-puestos en esta ley. (Enfasis suplido). 21 LPRA see. 4703.
Como podemos observar, del texto del referido precepto se desprenden varios requisitos. Primero, el reclamante debe notificar al alcalde mediante una notificación escrita. Segundo, esta notificación debe incluir la fecha, lugar, causa y naturaleza del daño sufrido, información sobre los testigos, dirección del reclamante, el tipo de remedio o la cuantía monetaria solicitada, y en los casos de daños a la persona, deberá incluir el lugar donde recibió tratamiento médico. Tercero, la notificación tiene que ser realizada en los noventa días desde que el reclamante tuvo conoci-miento de los daños. El cumplimiento de tales requisitos es una condición previa indispensable para la iniciación de cualquier acción judicial en resarcimiento de daños y per-juicios en contra de un municipio.
En lo que respecta a la controversia particular ante nuestra consideración, hallamos que el citado Art. 15.003 de la Ley de Municipios Autónomos, no dispone cómo debe ser la notificación escrita al alcalde ni cuál es su razón de ser. De hecho, el historial legislativo de la mencionada ley tampoco incluye expresiones relacionadas a este particular. No obstante, el historial legislativo de la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955 (32 LPRA sees. 3074 et seq.) —una legislación análoga que contiene disposiciones simi- *207 lares sobre notificación previa— podría brindarnos luz en cuanto al alcance de esta exigencia.
En este particular, observamos que la Ley Núm. 104, supra, fue enmendada en 1966 con el objetivo de incluir el requisito de notificación al Secretario de Justicia previo a la iniciación de una demanda en contra del Estado.(15) Del contenido del Proyecto de la Cámara Núm. 492 que pro-puso tal enmienda podemos apreciar que al añadir esta exigencia procesal el legislador tenía la preocupación si-guiente:
[e]n muchos casos y por diversas razones, las acciones se radican cuando ya está para finalizar el término y ocurre que el Estado, por el tiempo transcurrido desde que ocurrieron los alegados daños, se encuentra con problemas de falta de información o información deficiente en cuanto a los hechos y aún con la circunstancia de la reorganización de una agencia o dependencia como resultado de lo cual se han extraviado los récords que hacen referencia al accidente u origen de los daños, así como con el movimiento de testigos presenciales, cuyo paradero se ignora al momento en que se notifica de la acción, todo ello en perjuicio de la oportunidad amplia que debe tener el Estado para hacer las alegaciones correspondientes y establecer las defensas en estos casos.(16)
En cuanto al contenido de la notificación escrita es pre-ciso señalar que, contrario a lo dispuesto en la Ley de Mu-nicipios Autónomos, en la Ley de Pleitos contra el Estado la Asamblea Legislativa no añadió el requisito de especifi-car en la notificación la cuantía o el remedio solicitado. Según se desprende del contenido del Proyecto de la Cá-mara Núm. 492 esto respondió a que en muchos casos re-sulta imposible precisar tal información en el tiempo re-querido por ley para la notificación. Al respecto, específica-mente se expresó lo siguiente:
[l]a enmienda que propone vuestra Comisión elimina en la notificación el requisito de la cuantía de la compensación mo- *208 nefaria o el tipo de remedio adecuado al daño sufrido y tiene como fundamento el hecho de que en muchos casos tanto la cuantía de la compensación como el tipo del remedio adecuado al daño sufrido son datos que no pueden precisarse en el tér-mino de unos pocos meses, por lo que se entiende que al eli-minarse el requisito se mejora el proyecto sin que se afecte el mismo.
Entendemos que este cambio sustancial responde a que, en el caso de daños físicos, es imposible conocer el monto total reclamable de esos daños inmediatamente luego del accidente.
Con este marco legal como norte, procedemos a atender la situación fáctica que nos ocupa.
III
En el caso de autos, la señora Rivera plantea que pre-sentó personalmente en el Municipio, ante uno de sus fun-cionarios, un Informe de Incidente que incluía la informa-ción sobre su accidente, según requerían los encasillados incluidos en el documento provisto por el propio Municipio. De esta forma el informe contenía toda la información re-querida por el Art. 15.003 de la Ley Núm. 81, supra, ex-cepto, la cuantía de la compensación monetaria porque el mismo formulario no proveía para ello. Así las cosas, la señora Rivera sostiene que cumplió con el requisito de no-tificación requerido por ley, máxime cuando el propio docu-mento dispone que una copia de este va dirigida al Municipio.
A pesar de lo anterior, el Tribunal de Apelaciones deses-timó la demanda presentada contra el Municipio al enten-der que la peticionaria incumplió con el requisito de noti-ficación previa. De acuerdo con el foro apelativo, tal notificación debió ser remitida al alcalde y debió incluir la cuantía o el remedio solicitado, según establece el Art. 15.003 de la Ley Núm. 81, supra. Según el Tribunal de Apelaciones, el Informe de Incidente entregado por la se- *209 ñora Rivera en el Municipio no puede ser considerado como la notificación requerida por ley, ya que no incluía la cuan-tía de la compensación monetaria. No coincidimos con tal proceder.
En primer lugar, aclaramos que para cumplir con el inciso (a) del Art. 15.003 de la Ley Núm. 81, supra, no es necesario una entrega personal al alcalde. No podemos avalar ese rigorismo desmedido propuesto por el recurrido y respaldado por el foro apelativo, máxime cuando ello no surge del texto de la ley. Contrario a lo que concluyó el Tribunal de Apelaciones, entendemos que el Informe de Incidente que la peticionaria presentó en la alcaldía constituye un método de notificación previa que pone sobre aviso al Municipio de una posible reclamación en su contra. Si bien es cierto que el Informe de Incidente no fue entregado personalmente al alcalde, el diligenciamiento fue hecho en una forma fehaciente en derecho. Por ello, resolvemos que cumplimentar el “Informe de Incidente” que fue provisto por el propio gobierno municipal constituye una notificación que satisface las exigencias y los propósitos del Art. 15.003 de la Ley de Municipios Autónomos, supra, según hemos establecido desde Mangual v. Tribunal Superior, supra.
Establecer que, en el caso de autos, el Municipio no fue notificado conforme a las disposiciones de la Ley de Muni-cipios Autónomos no solo constituiría un dictamen irrazo-nable, sino que desatiende el uso crítico y concienzudo de nuestro estado de derecho. El objetivo del requisito de no-tificación previa no conlleva un asunto personalizado en la figura del alcalde involucrado de manera que se requiera una notificación directa al primer ejecutivo municipal. No podemos arraigarnos al tecnicismo de que la persona que tiene que ser notificada es el alcalde, ya que lo que verda-deramente importante es que el municipio quede notifi-cado de la posible causa de acción, independientemente si el alcalde fue el que personalmente recibió tal notificación.
*210 Bajo ningún concepto podemos hacer abstracción de que el documento Informe de Incidente fue suministrado por el propio Municipio y cumplimentado por la señora Rivera en las instalaciones municipales. Por tal razón, concluimos que una vez el funcionario de la alcaldía recibe el Informe de Incidente se entiende que el municipio, y por ende, el alcalde, ha sido notificado del incidente ocurrido y de la posible reclamación en su contra.
Al estar esta información en poder del Municipio, no hay duda de que este tenía conocimiento de los hechos, conociendo incluso la identidad de los testigos, lo cual pudo haber utilizado para investigar, corroborar o refutar los he-chos alegados por la señora Rivera en el Informe de Incidente. El fin público de proteger al Municipio se satis-fizo desde el momento en que la señora Rivera cumpli-mentó y entregó el formulario que el propio municipio le entregó para que hiciera constar las particularidades del incidente.
Por otro lado, no nos convence la teoría del Tribunal de Apelaciones en cuanto a la insuficiencia de la notificación por esta no incluir la cuantía o el remedio solicitado. Cier-tamente, coincidimos con el foro apelativo en que toda re-clamación presentada en contra de un municipio debe cum-plir con el requisito de notificación establecido en el Art. 15.003, supra, y con cada uno de sus requisitos. Empero, en el caso particular ante nuestra consideración, el formu-lario titulado Informe de Incidente entregado a la peticio-naria en la propia alcaldía, no proveía un encasillado para que esta especificara la cuantía o el remedio solicitado. Por ello, concluimos que omitir tal información no constituyó un factor limitativo para el Municipio iniciar una pronta investigación del incidente.
Por último, recordemos que el inciso (a) del Art. 15.003 de la Ley de Municipios Autónomos, supra, establece que “la notificación escrita deberá presentarse al alcalde den-tro de los noventa (90) días siguientes a la fecha en que el *211 reclamante tuvo conocimiento de los daños reclamados”. De los hechos se desprende que la primera notificación fue realizada el 8 de diciembre de 2009 al entregar el Informe de Incidente. Esto es, veintiséis días después del accidente. Durante ese periodo de tiempo, la peticionaria no había recibido ningún procedimiento médico, excepto, el que re-cibió el día del accidente en el Centro de Diagnóstico y Tratamiento de Río Grande. No fue hasta dos días después, el 10 de diciembre de 2009, que la señora Rivera fue refe-rida a terapia física por el Dr. Gerardo Ortiz.
Posteriormente, el 16 de abril de 2010 se le realizó una radiografía de su hombro derecho con el diagnóstico: “[c]ambios cabeza húmero”. Es en ese momento que la pe-ticionaria sabe de los daños sufridos. Cinco días más tarde, mediante su representación legal, remitió una segunda no-tificación al Municipio que incluía la compensación solici-tada, los hechos acaecidos, la información de los testigos y el tratamiento recibido. Más aún, no fue sino hasta el 19 de abril de 2011, un año y cinco meses luego del accidente, que la señora Rivera Fernández fue sometida a una inter-vención quirúrgica en su hombro derecho como consecuen-cia de los daños sufridos en el accidente.
En ese escenario, concluimos que la segunda notifica-ción al alcalde que realizó la peticionaria, en la cual se añadía la cuantía de los daños reclamados, fue hecha con-forme a derecho y en el término establecido en ley. Esto debido a que la ley especifica que el reclamante tiene no-venta días desde que sabe de los daños sufridos para en-viar la notificación. Claramente no fue hasta que a la peti-cionaria le realizan la radiografía que esta conoce de los daños sufridos y, por ende, cinco días de saberlo notificó al alcalde la cuantía de estos.
Según el crisol doctrinario expuesto, concluimos que, en situaciones donde el propio municipio provea y ponga en posición al reclamante de notificar los daños presuntamente sufridos, constituye una notificación suficiente *212 en derecho siempre que cumpla con los requisitos estable-cidos en el Art. 15.003 de la Ley de Municipios Autónomos, supra, y explicados en Mangual v. Tribunal Superior, supra. Recordemos que el propósito principal para requerir la notificación previa es avisar al municipio de una posible reclamación en su contra. No hay de duda que en el caso de autos se cumplió tal objetivo.
IV
Por los fundamentos que anteceden, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Apelaciones para que atienda el planteamiento sobre la prescripción que la parte recurrida adujo ante ese foro judicial.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton disintió con una opinión escrita. La Jueza Asociada Señora Rodríguez Rodríguez disintió con una opinión escrita, a la cual se unió la Jueza Asociada Señora Fiol Matta.

 Véase el Apéndice de la Petición de certiorari, Demanda, págs. 11-14.

 Íd., Informe de Incidente, pág. 1.

 Como resultado del accidente, la señora Rivera presuntamente recibió distintos tratamientos médicos que comenzaron con un referido el 10 de diciembre de 2009 a un programa de veinte sesiones de terapia física para recuperar la fuerza muscular y movilidad de la extremidad superior derecha. Luego de múltiples terapias, el 19 de abril de 2011, el Dr. Francisco M. López González refrendó los resultados de los estudios realizados y decidió operar el hombro derecho de la señora Rivera.

 Apéndice de la Petición de certiorari, Segundo Aviso, págs. 2-3.

 Id., Carta de la Leda. Johanna Feliciano González a Acosta Adjusment, Inc. de 19 de agosto de 2010, págs. 4-5; Carta de la Leda. Johanna Feliciano González a Acosta Adjusment, Inc. de 15 de febrero de 2011, págs. 7-8; Carta de la Leda. Johanna Feliciano González a Acosta Adjusment, Inc. de 30 de septiembre de 2011, págs. 9-10.

 La reclamación contra la compañía aseguradora del Municipio fue desesti-mada por el Tribunal de Primera Instancia, ya que la póliza de responsabilidad pública expedida para beneficio de los Municipios de Puerto Rico se extinguió al agotarse el fondo o agregado para cubrir reclamaciones. Véase Apéndice de la Peti-ción de certiorari, Sentencia Parcial, págs. 17-18.

 Íd., Moción solicitando desestimación de la demanda por falta de notificación al municipio y prescripción, págs. 19-24.

 Íd., Orden del Tribunal de Primera Instancia, Sala de Carolina, pág. 29.

 Íd., Petición de certiorari, págs. 30-43.

 Íd., Sentencia del Tribunal de Apelaciones, págs. 60-68.

 Véase el Alegato de la parte recurrida.

 Véase, además, R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed. rev., San Juan, Pubs. JTS, 1987, pág. 245.

 En lo pertinente, el Art. 96 de la Ley Municipal de 1960 (21 LPRA ant. sec. 1603) disponía lo siguiente:
“(a) Toda persona que tenga reclamaciones de cualquier clase contra una corporación municipal, por daños personales o a la propiedad, causados por culpa o negligencia de la corporación municipal, deberá presentar al jefe ejecutivo de ésta una notificación escrita, haciendo constar en forma clara y concisa la fecha, sitio, causa y naturaleza general del daño sufrido, la cuantía de la compensación moneta-ria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante así como el sitio donde recibió tratamiento médico en primera instancia.
“(b) Dicha notificación se entregará al jefe ejecutivo de la corporación municipal remitiéndola por correo certificado, o por diligenciamiento personal o en cual-quier otra forma fehaciente reconocida en derecho.
“(c) La referida notificación escrita se presentará al jefe ejecutivo municipal dentro de los noventa días siguientes a la fecha en que el reclamante tuvo cono-cimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta días siguientes a la fecha en que cese la incapacidad.
“(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligada a notificar la reclamación dentro de los noventa días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad, custodia o tutela no lo hiciere.
“(e) No podrá iniciarse acción judicial de clase alguna contra una corpora-ción municipal por daños causados por la culpa o negligencia de aquélla si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos *204 prescritos en esta ley. Lo anterior es aplicable únicamente a los daños causados por cualquier corporación municipal con posterioridad a la vigencia de esta ley.”
Es pertinente mencionar que las leyes municipales anteriores, tales como la Ley Núm. 53 de 28 de abril de 1928 que establecía un sistema de gobierno municipal; la Ley Núm. 85 de 31 julio de 1919 que disponía para un Sistema de Gobierno Local y reorganización de los Servicios Municipales; la Ley Municipal de 1906 que disponía para el establecimiento de un sistema de gobierno local y la Ley Sobre Municipali-dades de 1ro de marzo de 1902 no contenían disposición alguna que requiriera noti-ficación previa a la iniciación de la acción.

 La Ley de Municipios Autónomos fue una de las cuatro legislaciones que integraban la denominada reforma municipal. Las otras leyes aprobadas durante esta época fueron: (1) la Ley del Centro de Recaudación de Ingresos Municipales, Ley Núm. 80-1991 (21 LPRA see. 5801 et seq.); (2) la Ley de Contribución Municipal sobre la Propiedad de 1991, Ley Núm. 83-1991 (21 LPRA see. 5001 et seq.); (3) la Ley de Patentes Municipales, Ley Núm. 82-1991 (21 LPRA see. 651a et seq.). Para mayor detalles sobre el proceso de promulgación de estas leyes, véase L. Santana Rabel y M. Negrón Portillo, La reforma municipal en Puerto Rico, San Juan, Escuela Graduada de Administración Pública, 1993, el cual contiene una recopilación de las ponencias de los Seminarios-Talleres que el Programa de Actualización en Administración Municipal preparó y brindó en 1991, 1992 y 1993.

 Véase Ley Núm. 121 de 24 de junio de 1966.

 20 Diario de Sesiones de la Asamblea Legislativa 1966, P. de la C. 492, Sesión Ordinaria, 5ta Asamblea Legislativa, T. 2, pág. 845.