El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
Este caso nos brinda la oportunidad de expresarnos en torno a la aplicación del requisito de notificación al Secre-tario de Justicia que establece el Art. 2A de la Ley de Re- *563 clamaciones y Demandas contra el Estado, Ley Num. 104 de 29 de junio de 1955 (32 LPRAsec. 3077a), a las personas que están confinadas.
Aunque la controversia que se plantea en autos no es novel, recientemente hemos notado un aumento en la fre-cuencia de casos en los que los tribunales se enfocan “en la ‘realidad del confinado’ para determinar si existe justa causa para la notificación tardía al Estado”. ELA v. Martínez Zayas, 188 DPR 749, 751 (2013), opinión de conformidad de la Jueza Asociada Señora Pabón Charneco, a la cual se unieron los Jueces Asociados Señores Martínez Torres, Rivera García y Feliberti Cintrón.(1)
 Hoy ratificamos que en esta jurisdicción todo de-mandante tiene que explicar la tardanza en notificar al Estado conforme lo establece el Art. 2A de la Ley Núm. 104, supra. Berríos Román v. ELA, 171 DPR 549 (2007). La “realidad del confinado”, esto es, el hecho de que una persona se encuentre recluida bajo la custodia del Estado en una institución carcelaria, no constituye de por sí y auto-máticamente la justa causa que exige la ley para eximir del requisito de notificación. Tal realidad no es una excep-ción a la norma.
I
El 5 de julio de 2007 el Sr. Rafael Rosario Mercado, confinado en el Complejo 303 de la Cárcel Regional de Bayamón, presentó una demanda por daños y perjuicios contra el Gobierno de Puerto Rico, representado por el Departamento de Justicia, y el Departamento de Corrección y *564 Rehabilitación. Según los hechos que se desglosan en la demanda, el señor Rosario Mercado está diagnosticado con la condición de cataratas en su ojo derecho desde el 2001. Alega que esa condición podría mejorar si se le sometiera a una cirugía. Sin embargo, según el señor Rosario Mercado, el Departamento de Corrección y Rehabilitación ha impe-dido la intervención quirúrgica, razón por la cual su visión ha empeorado a tal grado que ya casi no puede ver por el ojo perjudicado y, como consecuencia, su calidad de vida se deteriora cada día más. En su demanda reclama una com-pensación total de $1,000,000.
No fue hasta el 9 de marzo de 2011 que se expidieron los emplazamientos. El 14 de marzo de 2011 se emplazó al Secretario de Justicia. El señor Rosario Mercado solicitó que se le anotara la rebeldía al Estado el 9 de agosto de 2011, lo que ocurrió el 26 de agosto de 2011. Se calendarizó el juicio para enero de 2012.
El 31 de agosto de 2011 el Estado presentó una Moción en Oposición a la Anotación de Rebeldía y en Solicitud de Desestimación. Pidió la desestimación porque el señor Rosario Mercado incumplió con el requisito de notificación que impone la Ley de Reclamaciones y Demandas contra el Estado. Además, planteó que el señor Rosario Mercado no agotó los remedios administrativos.
El Tribunal de Primera Instancia emitió una resolución y orden el 29 de diciembre de 2001, en que denegó la desestimación. De esa determinación, el Estado acudió al Tribunal de Apelaciones, que se negó a acoger la petición de certiorari presentada. De esa determinación, el Estado recurre ante nos. Solicita que se desestime la demanda por incumplir con la Ley de Reclamaciones y Demandas contra el Estado. El 29 de junio de 2012 expedimos el auto. El peticionario presentó su alegato el 5 de septiembre de 2012. El señor Rosario Mercado no compareció, a pesar de *565 una resolución nuestra a esos efectos que emitimos el 11 de octubre de 2012. Estamos en posición de resolver.
hH HH
El Gobierno de Puerto Rico posee inmunidad soberana desde que el Tribunal Supremo de Estados Unidos así lo reconoció en Porto Rico v. Rosaly, 227 US 270 (1913). Véanse: Berríos Román v. ELA, supra, págs. 555-556; Defendini Collazo et al. v. ELA, Cotto, 134 DPR 28, 47 (1993). El Estado renunció parcialmente a su inmunidad soberana mediante legislación. El estatuto vigente es la Ley de Pleitos contra el Estado.(2)
*566 A pesar de que el Estado consienta ser demandado, la ley impuso varias restricciones. En lo pertinente, el Art. 2A, supra, requiere que toda persona que interese entablar una reclamación por daños contra el Estado, notifique al Secretario de Justicia dentro de los 90 días de ocurrido el incidente del que surge la reclamación. En esa notificación se tiene que hacer constar la fecha, el lugar, la causa y la naturaleza general del daño, los nombres y las direcciones de los testigos, la dirección del reclamante y el lugar donde se recibió tratamiento médico. Si el reclamante estuviera física o mentalmente impedido de hacer la notificación en el término de 90 días dispuesto, podrá hacerlo dentro de los 30 días siguientes a la fecha en que cese la incapacidad. La reclamación judicial no podrá instarse sin la notificación que establece el Art. 2A de la Ley de Reclamaciones y Demandas contra el Estado, supra, salvo si se muestra justa causa.
El requisito de notificación cumple varios propósitos, que hemos enumerado de la manera siguiente:
1- proporcionar al Estado la oportunidad de investigar los hechos que dan origen a la reclamación; 2- desalentar las re-clamaciones infundadas; 3- propiciar un pronto arreglo de las reclamaciones; 4- permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5- descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6- ad-vertir a las autoridades de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7- mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico ade-cuado y proporcionando facilidades para hospitalizar al peijudicado. Zambrana Maldonado v. ELA, 129 DPR 740, 755 (1992), citando a Mangual v. Tribunal Superior, 88 DPR 491, 494 (1963).
El requisito de notificación debe aplicarse de manera rigurosa, pues sin su cumplimiento, no hay derecho a de-mandar al Estado, que de otra forma es inmune a reclamaciones. Berríos Román v. ELA, supra, pág. 559. *567 Sin embargo, la notificación es un requisito de cumplimiento estricto, no jurisdiccional. íd., pág. 560. Por ello, hemos excusado de su cumplimiento cuando, de lo contra-rio, se sancionaría una gran injusticia. íd., pág. 560. Véase, además, Rodríguez Sosa v. Cervecería India, 106 DPR 479, 485 (1977).
Por ejemplo, hemos consentido ver casos en los que se omitió la notificación que exige la Ley de Reclamaciones y Demandas contra el Estado cuando el daño o la negligencia lo cometió el mismo funcionario a quien se tiene que dirigir la notificación. Acevedo v. Mun. de Aguadilla, 153 DPR 788 (2001); Méndez et al. v. Alcalde de Aguadilla, 151 DPR 853 (2000); Romero Arroyo v. ELA, 127 DPR 724, 736 (1991). También se ha excusado del requisito cuando el emplazamiento de la demanda ocurre dentro del término de 90 días provisto para la notificación, Passalacqua v. Mun. de San Juan, 116 DPR 618, 631-632 (1985); cuando la tardanza en la notificación no se puede imputar al demandante, Rivera de Vincenti v. ELA, 108 DPR 64, 69-70 (1978), y, por último, cuando el riesgo de que desaparezca la prueba ob-jetiva es mínimo, y el Estado puede investigar y corroborar los hechos con facilidad. Berríos Román v. ELA, supra, pág. 560.
Pese a estas excepciones, el requisito de notificación mantiene su vigencia y validez, no es irrazonable ni res-tringe de forma indebida los derechos del reclamante. Berríos Román v. ELA, supra, pág. 562. Es por ello que hemos requerido al demandante evidenciar detalladamente la justa causa para omitir la notificación que exige el Art. 2A de la Ley de Reclamaciones y Demandas contra el Estado, supra. Íd. Sólo hemos exceptuado la notificación en aquellos casos en que el requisito incumple con los objetivos de la ley y cuando jurídicamente no se justifica aplicarlo a las circunstancias. Íd. Estas excepciones creadas jurisprudencialmente no pueden tener el efecto de conver-tir en inconsecuentes las exigencias de la Ley Núm. 104. *568 Véase J.J. Álvarez González, Responsabilidad civil extracontractual, 77 (Núm. 3) Rev. Jur. UPR 603, 627 (2008).
Al respecto, el profesor J.J. Álvarez González expresó:
El tratamiento jurisprudencial de este tema puede sinteti-zarse así: originalmente se aplicaba este requisito estricta-mente a favor del Estado, pero paulatinamente se le ha ido quitando mucho del rigor a su interpretación. Inicialmente el Tribunal resolvió que, aunque no es de naturaleza jurisdiccio-nal, este requisito sería de cumplimiento estricto, por lo que, entre otras cosas, hay que notificar al Secretario directamente y no basta que éste se entere por otros medios. Pero muy pronto el Tribunal comenzó a aplicar la excepción de “justa causa” con gran laxitud, con lo que el supuesto “cumplimiento estricto” parecía haberse convertido en un lema sin consecuencias.
[...] El abogado competente siempre cumplirá con este re-quisito y sólo se refugiará en la excepción de “justa causa” cuando el cliente le llegue tarde o provenga de la oficina de un abogado menos competente. Álvarez González, supra, págs. 627-628.
En esta coyuntura debemos precisar que la obligación de este Tribunal “consiste en imprimir efectividad a la intención del legislador y garantizar así que se cumpla con el propósito para el cual fue creada la medida”. Báez Rodríguez et al. v. ELA, 179 DPR 231, 244 (2010). Así pues, es necesario recordar la norma trillada de este Foro de que “como cuestión de umbral, debemos remitirnos al texto de la ley”. Lilly Del Caribe v. CRIM, 185 DPR 239, 252 (2012), citando a Báez Rodríguez et al. v. ELA, supra, pág. 245. La antipatía o bondad de la legislación no nos autoriza a ignorarla ni a dejar de aplicarla. Véase Art. 21 del Código Civil, 31 LPRA sec. 21.
De igual forma, hemos sentenciado que “los tribunales, al ejercer su función interpretativa de la ley, deberán considerar el propósito o intención de la Asamblea Legislativa al aprobarla. Ello es necesario para propiciar que se obtenga el resultado querido originalmente por el *569 legislador”. Const. José Carro v. Mun. Dorado, 186 DPR 113, 126-127 (2012). Véanse, además: Piovanetti v. S.L.G. Touma, S.L.G. Tirado, 178 DPR 745, 767 (2010); Piñero v. A.A.A., 146 DPR 890, 898 (1998); García v. ELA, 146 DPR 725, 733 (1998).
Así pues, en nuestra labor de interpretar las leyes “es-tamos obligados a lograr una exégesis que se ajuste al pro-pósito y a la política pública que inspiró el estatuto”. Consejo Titulares v. DACo, 181 DPR 945, 958 (2011). Véanse, además: Rodríguez v. Syntex, 160 DPR 364, 382 (2003); Díaz Marín v. Mun. de San Juan, 117 DPR 334, 342 (1986); Esso Standard Oil v. A.P.P.R., 95 DPR 772, 785 (1968).
Al aprobar una ley, la intención legislativa queda plasmada en su historial legislativo. Const. José Carro v. Mun. Dorado, supra, pág. 127; Pueblo v. Zayas Rodríguez, 147 DPR 530, 539 (1999). El historial legislativo incluye la exposición de motivos de la ley, las manifestaciones de los legisladores durante el trámite y los informes de las comisiones, entre otros. íd. Véase, además, R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Pubs. JTS, 1987, pág. 242.
En un principio, la Ley Núm. 104 no requería notificar al Secretario de Justicia como condición previa para pre-sentar una demanda. Berríos Román v. ELA, supra, pág. 557. Fue mediante la aprobación de la Ley Núm. 121 de 24 de junio de 1966, Leyes de Puerto Rico 396-397, que se añadió el requisito de notificación.
Surge del historial legislativo del P. de la C. 492, posterior Ley Núm. 121, que la preocupación de la Asamblea Legislativa fue la siguiente:
En muchos casos y por diversas razones, las acciones se radi-can cuando ya está para finalizar el término y ocurre que el Estado, por el tiempo transcurrido desde que ocurrieron los alegados daños, se encuentra con problemas de falta de infor-mación o información deficiente en cuanto a los hechos, y a[u]n con la circunstancia de la reorganización de una agencia *570 o dependencia como resultado de lo cual se han extraviado los récords [sic] que hacen referencia al accidente u origen de los daños, así como con el movimiento de testigos presenciales, cuyo paradero se ignora al momento en que se notifica de la acción, todo ello en perjuicio de la oportunidad amplia que debe tener el Estado para hacer las alegaciones correspon-dientes y establecer las defensas en estos casos. 20 Diario de Sesiones de la Asamblea Legislativa, P. de la C. 492, Sesión Ordinaria, 5ta Asamblea Legislativa, T. 2 pág. 845. Véase, además, Berríos Román v. ELA, supra, pág. 558.
Asimismo, las discusiones de ese proyecto en la Cámara de Representantes reflejan que su propósito fue requerir la notificación al Estado como requisito previo para presentar una demanda en daños y perjuicios al amparo de la Ley Núm. 104. Sobre el particular el representante señor Torres Gómez aclaró:
Si se trata de una persona mayor de edad que puede reclamar por sí, por un alegado dañ[o] contra el Estado, si esa persona teniendo conocimiento del accidente, no notifica al Secretario de Justicia bajo los requisitos de la notificación que se deter-minan dentro de los 90 días, pierde su derecho a demandar dentro del año. Es decir, que la acción ahí está limitada. Diario de Sesiones, supra, pág. 846.
III
En este caso no hay controversia en cuanto a que el señor Rosario Mercado incumplió con el requisito que im-pone el Art. 2A de la Ley de Reclamaciones y Demandas contra el Estado, supra. Por lo tanto, la controversia se circunscribe a determinar si, según las circunstancias de este caso, el señor Rosario Mercado evidenció detallada-mente la justa causa que exige la ley para eximirlo del requisito de notificación al Secretario de Justicia. Sin embargo, en el expediente de este caso no encontramos expre-sión alguna por parte del señor Rosario Mercado que jus-tificara el incumplimiento con el requisito de notificación. *571 Su condición de confinado, por sí sola, no es suficiente para eximirlo del requisito de notificación. ELA v. Martínez Zayas, supra (opinión de conformidad de la Jueza Asociada Señora Pabón Charneco, a la que se unieron los Jueces Asociados Señores Martínez Torres, Rivera García y Feliberti Cintrón).
En ELA v. Martínez Zayas, supra, este Tribunal enten-dió que hubo justa causa para que el confinado Martínez Zayas notificara tardíamente al Estado de su reclamación. No obstante, hubo discrepancia en determinar cuál debe ser el análisis a seguir cuando el demandante es un confinado. Tanto la hermana Jueza Asociada Señora Pabón Charneco como el hermano Juez Asociado Señor Estrella Martínez emitieron opiniones por separado.
En la opinión de conformidad del Juez Asociado Señor Estrella Martínez, a la que se unieron el Juez Presidente Señor Hernández Denton y las Juezas Asociadas Señoras Fiol Matta y Rodríguez Rodríguez, se expuso que “la reali-dad que presenta la situación de ser confinado debe te-nerse en cuenta al determinar si existe justa causa para la falta notificación al Estado”. ELA v. Martínez Zayas, 188 DPR 749, 767 (2013).
Por su parte, la compañera Jueza Asociada Señora Pa-bón Charneco concluyó con acierto que “la condición individual de los confinados no es relevante para determinar si existe justa causa para la notificación tardía, ya que la ley Núm. 104, supra, no contempla que sus disposiciones se apliquen de manera distinta a los ciudadanos de acuerdo con su realidad social”. ELA v. Martínez Zayas, supra, pág. 753 (op. de conformidad de la Jueza Asociada Señora Pa-bón Charneco, a la que se unieron los Jueces Asociados Señores Martínez Torres, Rivera García y Feliberti Cintrón). A pesar de esa norma, la opinión de conformidad de la Jueza Pabón Charneco concluyó que hubo justa causa para la notificación tardía porque hubo una investigación interna que constaba en el registro de la institución correccional. íd., pág. 754.
*572 Los hechos que ocurrieron en ELA v. Martínez Zayas, supra, demuestran que aunque la Ley Núm. 104 no exime a los confinados del requisito de notificar al Estado, hay circunstancias en las que estos siempre pueden demostrar que hubo una justa causa para notificar tardíamente.
En el caso ante nos, el señor Rosario Mercado no arti-culó expresión alguna en la que nos ilustrara cuál es la justa causa que medió para que le condonemos su incum-plimiento con el requisito de notificación que impone la Ley de Pleitos contra el Estado. Tampoco existe en la ley una excepción para las personas que están confinadas. No la podemos crear por fíat judicial. Lilly del Caribe v. CRIM, supra; Báez Rodríguez et al. v. ELA, supra. Tampoco surge del historial legislativo que la intención de la Asamblea Legislativa fuese crear esa excepción. Const. José Carro v. Mun. Dorado, supra; Piovanetti v. S.L.G. Touma, S.L.G. Tirado, supra; Piñero v. A.A.A., supra; García v. ELA, supra.
El señor Rosario Mercado no demostró que, en su caso, el requisito de notificación incumpliera con los objetivos de la ley, o que jurídicamente no estuviera justificada su aplicación. Berríos Román v. ELA, supra, pág. 562. El he-cho de que el Estado posea cierta evidencia es insuficiente para eximirle del requisito de notificación, pues se le privó de entrevistar a los testigos en una fecha cercana a los acontecimientos. íd., pág. 565. Debemos recordar que ese es uno de los propósitos principales de la notificación dentro de los 90 días de ocurrido el incidente, para poder pre-pararse adecuadamente para la reclamación. Zambrana Maldonado v. ELA, supra, pág. 755; Mangual v. Tribunal Superior, supra, pág. 494.
Otro de los propósitos de la notificación es propiciar el pronto arreglo de las reclamaciones, e incluso, mitigar los daños sufridos mediante el tratamiento médico adecuado. Zambrano Maldonado v. ELA, supra; Mangual v. Tribunal Superior, supra. La notificación podía proveer una so- *573 lución al reclamo del confinado, que mitigara los daños que sufría. Sin embargo, no se le proveyó al Estado esa oportunidad.
Es preciso recordar que la Ley de Pleitos contra el Es-tado es una excepción a la doctrina de inmunidad sobe-rana, por lo que deben cumplirse sus requisitos. Berríos Román v. ELA, supra, págs. 556-557. En ausencia de una expresión detallada de la justa causa para la omisión en notificar al Secretario de Justicia dentro de los 90 días de ocurridos los daños que se reclaman, procede la desestima-ción de la demanda del señor Rosario Mercado.
En conclusión, ratificamos que en esta jurisdicción todo demandante tiene que explicar la tardanza en notificar al Estado conforme lo establece el Art. 2A de la Ley Núm. 104, supra. La “realidad del confinado” no es una excepción a esa norma. No obstante, recalcamos que hay circunstancias en las que los confinados —como cualquier otro demandante— pueden demostrar que hubo una justa causa para notificar tardíamente, de acuerdo a las realidades particulares de cada caso.
IV
Por los fundamentos antes expuestos, revocamos la Re-solución del Tribunal de Apelaciones y desestimamos la de-manda que incoó el Sr. Rafael Rosario Mercado por incum-plir con el requisito de notificación al Secretario de Justicia que exige el Art. 2A de la Ley de Reclamaciones y Demandas contra el Estado, supra.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Estrella Martínez emitió una opinión concurrente, a la que se unieron el Juez Presidente Señor Hernández Denton, la Jueza Asociada Señora Fiol Matta y la Juez Asociada Señora Rodríguez Rodríguez.

 De igual modo, recientemente en Soto Pino v. Uno Radio Group, 189 DPR 84 (2013), tuvimos que emitir nuestro dictamen como opinión para ratificar la norma trillada que establece que los tribunales carecen de jurisdicción para prorrogar au-tomáticamente los términos de cumplimiento estricto, ante un aumento de casos en que esa regla general se estaba ignorando.

 El Art. 2A de la Ley de Reclamaciones y Demandas contra el Estado, 32 LPRA sec. 3077a, indica:
“(a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en pri-mera instancia.
“(b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma feha-ciente reconocida en derecho.
“(c) La referida notificación escrita se presentará al Secretario de Justicia den-tro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conoci-miento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.
“(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligado a notificar la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor, o la persona sujeta a tutela, haga la referida notificación, dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad o custodia, o tutela, no lo hiciere.
“(e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, a menos que no haya mediado justa causa para ello. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.
“(f) Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por la see. 5298 del Título 31”.