ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| WALTER GARCÍA SÁNCHEZ Y KEYLA NAZARIO DELGADO<br><br>Apelantes<br><br>v.<br><br>HARRY OCASIO HENRÍQUEZ Y OTROS<br><br>Apelados | KLAN202401027 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV00206<br><br>Sobre: CONSTITUCIÓN DE PUERTO RICO, DAÑOS Y PERJUICIOS, HOSTIGAMIENTO LABORAL, DISCRIMEN EN EL EMPLEO, SENTENCIA DECLARATORIA, LEY NÚM. 100 DE 30 DE JUNIO DE 1959, LEY NÚM. 16 DE AGOSTO DE 1975, LEY 284-1999, "LEY CONTRA EL ASECHO EN PUERTO RICO", TÍTULO VII DE LA LEY DE DERECHOS CIVILES DE 1964. EMTALA. |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Díaz Rivera y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Compareció el Sr. Walter García Sánchez (en adelante, "señor García Sánchez") y la Sra. Keyla Nazario Delgado (en adelante, "señora Nazario Delgado") (en conjunto, "apelantes") mediante el recurso de apelación presentado el 18 de noviembre de 2024. Nos solicitaron la revocación de la *Sentencia Parcial* emitida el 9 de agosto de 2024 y notificada el 12 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, "foro

---

[1] Mediante la Orden Administrativa OATA-2025-018 emitida el 10 de febrero de 2025, se designó al Juez Isaías Sánchez Báez en sustitución de la Jueza Camille Rivera Pérez.

Número Identificador

SEN2025_____

primario"). Mediante el referido dictamen, el foro primario desestimó la reclamación civil en contra del Municipio Autónomo de Humacao (en adelante, "Municipio") por incumplimiento con el Artículo 1.051 de la Ley Núm. 107-2020, según enmendada, conocida como "Código Municipal de Puerto Rico", 21 LPRA sec. 7082 (en adelante, "Código Municipal").

Por los fundamentos que expondremos a continuación, se **confirma** la *Sentencia Parcial* apelada.

## I.

El 16 de febrero de 2024, el señor García Sánchez y la señora Nazario Delgado presentaron una *Demanda Jurada* en contra del Sr. Harry Ocasio Henríquez (en adelante, "señor Ocasio Henríquez"), *et als.,* mediante la cual solicitaron una indemnización por los daños sufridos en un accidente laboral.[2] En la referida demanda, alegaron que el 11 de enero de 2023, el señor García Sánchez, empleado del Municipio como conductor de vehículos pesados, fue asignado a remover letreros sin el equipo de protección ocular adecuado. Como resultado, sufrió un accidente que culminó en la pérdida de visión de su ojo izquierdo, lo que le ha provocado secuelas físicas y emocionales significativas.

El 30 de mayo de 2024, el Municipio respondió con *Contestación a Demanda sin Someterse a la Jurisdicción del Honorable Tribunal y en Solicitud de Desestimación*, en la cual alegó que el señor García Sánchez incumplió con el requisito jurisdiccional establecido en el Artículo 1.051 del Código Municipal, *supra,* el cual exige notificar por escrito al Alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados.[3] A su entender, la acción

---

[2] Apéndice de los apelantes, anejo I, págs. 1-13.
[3] *Íd.,* anejo IV, págs. 17-35.

judicial presentada por el señor García Sánchez prescribió ante la ausencia de notificación y, por tanto, el foro primario no tenía jurisdicción.

Por su parte, el 11 de julio de 2024, el señor García Sánchez presentó *Oposición a Desestimación* en la que argumentó que la presentación de querellas y otros documentos anejados a tal moción, habían interrumpido el término prescriptivo.[4] Además, sostuvo que su incapacidad física, lo eximía de cumplir con el requisito de notificación, conforme a lo establecido en el Artículo 1.051 del Código Municipal, *supra.*

El 15 de julio de 2024, el Municipio presentó *Réplica Reiterando Desestimación sin Someterse a la Jurisdicción del Honorable Tribunal*, en la cual reiteró los argumentos expuestos inicialmente en su moción de desestimación.[5] Además, señaló que, tras examinar los documentos anejados en la *Oposición a Desestimación*, ninguno de ellos constituía, a saber: (i) ni una notificación remitida por el señor García Sánchez; (ii) ni una notificación válida dirigida al alcalde por parte del señor García Sánchez; y (iii) ninguno cumplía con los requerimientos del Artículo 1.051 del Código Municipal, *supra.* Por ende, adujo que dichas comunicaciones no interrumpieron el término prescriptivo para radicar la demanda.

Así las cosas, el 9 de agosto de 2024, el foro primario emitió *Sentencia Parcial*, notificada el 12 de agosto de 2024, mediante la cual concedió la desestimación solicitada por el Municipio.[6] Fundamentó su decisión en el incumplimiento del señor García Sánchez con el requisito jurisdiccional de notificación establecido en el Artículo 1.051 del Código Municipal, *supra.* En su análisis, el foro

---

[4] *Íd.,* anejo VIII, págs. 41-72.
[5] *Íd.,* anejo IX, págs. 73-77.
[6] *Íd.,* anejo 12, págs. 80-87.

primario determinó que el señor García Sánchez no presentó evidencia suficiente para demostrar que estaba física o mentalmente incapacitado para cumplir con la notificación dentro del término de noventa (90) días dispuesto en el Código Municipal. Además, concluyó que la *Demanda Jurada* estaba prescrita a favor del Municipio debido al transcurso del término de caducidad aplicable y ante la falta de evidencia en el expediente sobre notificación remitida por el señor García Sánchez. Por tanto, desestimó la demanda presentada por el señor García Sánchez en cuanto al Municipio.

El 27 de agosto de 2024, el señor García Sánchez presentó *Moción de Reconsideración de Sentencia Parcial* en la cual planteó que resulta improcedente en derecho la determinación del foro primario.[7] Explicó que el foro primario abusó de su discreción al desestimar la *Demanda Jurada* sin darle la oportunidad de descubrir prueba pertinente sobre su incapacidad y al no pautar una vista evidenciaria para aquilatar tal asunto. Señaló, además, que dichos mecanismos debieron ser agotados antes de proceder con la desestimación. Asimismo, adujo que el foro primario debió dar por cierto las alegaciones sobre su incapacidad plasmadas en la *Demanda Jurada* en virtud de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R.10.2. Sostuvo que, lo anterior, le permite quedar exento de cumplir con el requisito de notificación establecido en el Artículo 1.051 del Código Municipal, *supra.* A su vez, reiteró los argumentos de su *Oposición a Desestimación,* en cuanto a que había interrumpido el termino prescriptivo mediante acciones afirmativas. Por último, alegó que el Municipio tenía conocimiento de los hechos relacionados con el accidente ocurrido el 11 de enero de 2023, debido a las constantes comunicaciones internas entre las

---

[7] *Íd.,* anejo XIII, págs. 88-102.

diferentes dependencias municipales, como la Policía Municipal, la Oficina de Recursos Humanos y la Oficina de Seguridad y Salud Ocupacional.

A esos efectos, el 15 de octubre de 2024, el foro primario emitió una *Resolución*, notificada el 18 de octubre de 2024, mediante la cual denegó la moción de reconsideración.[8] En síntesis, el foro primario concluyó que la *Demanda Jurada* fue presentada fuera del término prescriptivo. En cuanto, a la alegada interrupción del término prescriptivo mediante reclamación extrajudicial, el foro primario se expresó como sigue:

> De lo anterior se puede observar que ninguna de las cartas anejadas al expediente judicial fue hecha por el titular del derecho, quien es el demandante. Todas las comunicaciones fueron hechas por un tercero. Para que la prescripción se interrumpiera el demandante tenía que haber hecho las reclamaciones en este caso al Municipio de Humacao. Además, ninguna de esas comunicaciones cumple con el requisito del Código Municipal entiéndase que en la notificación "se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia"[.] 21 LPRA secc. 7082[.][9]

Inconforme, el 18 de noviembre de 2024, el señor García Sánchez acudió ante nosotros mediante el presente recurso de *Apelación*. En su escrito, señaló los errores siguientes:

> Erró y abusó de su discreción el foro de instancia al desestimar con perjuicio la demanda del caso de epígrafe contra la parte apelada aduciendo que la parte apelante incumplió con el Artículo 1.051 del Código Municipal, *supra,* y que dicha demanda se hallaba prescrita en cuanto a la parte apelada[,] sin reconocer que la prescripción se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto reconocimiento de la deuda por el deudor.

> Erró y abusó de su discreción el foro de instancia al no acoger la moción de reconsideración de la parte apelante aduciendo que la misma incumple con la Regla 47 de las de Procedimiento Civil, supra, y al reiterar el argumento de la prescripción de las causas de acción contra la parte apelada y el incumplimiento de la parte apelante con el Artículo 1.051 del Código Municipal de Puerto Rico, *supra.*

---

[8] *Íd.,* anejo XV, págs. 104-110.
[9] *Íd.,* pág. 5.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**II.**

**A. Artículo 1.051 del Código municipal**

El Código Municipal, *supra,* derogó y sustituyó a la Ley Núm. 81-1991, según enmendada, conocida como "Ley de Municipios Autónomos de Puerto Rico", 21 LPRA sec. 4001 *et seq.* (en adelante, "derogada Ley Núm. 81-1991"). Cabe mencionar que, el Artículo 15.003 de la derogada Ley Núm. 81-1991, *supra,* es equivalente al Artículo 1.051 del Código Municipal, *supra,* puesto que quedó inalterado. En particular, el precitado artículo establece la manera de proceder en caso de tener una causa de acción sobre daños y perjuicios contra algún municipio, a saber:

> **Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido.** En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.
>
> (a) *Forma de entrega y término para hacer la notificación.* — Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines.
> **La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad**.
>
> [...]
>
> **(b)** *Requisito jurisdiccional.* — **No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un**

> **municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en esta sección. No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación.**
>
> (c) *Salvedad.* —Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, término prescriptivo en el Código Civil de Puerto Rico.

21 LPRA sec. 7082 (énfasis suplido).

De manera que el requisito de notificación, estatuido en la precitada disposición, constituye una condición previa indispensable para incoar una reclamación extracontractual contra el municipio en cuestión. *Rivera Fernández v. Mun. Carolina*, 190 DPR 196, 206 (2014). Además, establece que debe realizarse dentro de un plazo de caducidad de noventa (90) días, el cual transcurre a partir de que el reclamante adviene en conocimiento de los daños sufridos. 21 LPRA sec. 7082. Por tanto, todo lo anterior es un requisito de naturaleza jurisdiccional. *Íd.*

El referido carácter jurisdiccional fue reiterado a través de la Ley Núm. 121-2018 que enmendó, a su vez, el Artículo 15.003 de la derogada Ley Núm. 81-1991. La Asamblea Legislativa entendió pertinente este proceder dado que "el alcance y eficacia jurídica del carácter jurisdiccional del Artículo 15.003 ha sido sustancialmente limitado debido a la imprecisión en el lenguaje de su texto y a la falta de manifestaciones sobre este menester en el historial legislativo de la Ley de Municipios Autónomos." Véase, *Exposición de Motivos* de la Ley Núm. 121-2018. Por ello, en múltiples ocasiones, nuestra jurisprudencia estableció que los requisitos bajo el Artículo 15.003 de la derogada Ley Núm. 81-1991 eran de cumplimiento estricto e incluso reconoció circunstancias que eximen de notificación. Véase, *Rivera Fernández v. Mun. Carolina,* 190 DPR 196, 210-212 (2014); *Acevedo v. Mun. de Aguadilla,* 153 DPR 788, 798-800 (2001);

*Méndez et al. v. Alcalde de Aguadilla,* 151 DPR 853, 862-863 (2000); *López v. Autoridad de Carreteras,* 133 DPR 243, 251-252 (1993); *Romero Arroyo v. ELA,* 127 DPR 724, 734-735 (1991); *Meléndez Gutiérrez v. ELA,* 113 DPR 811, 813-815 (1983); *Mangual v. Tribunal Superior,* 88 DPR 491, 498-499 (1963).

No obstante, el derogado Artículo 15.003, como el vigente Artículo 1.051, titulan *ad verbatim* su inciso (b) como "Requisito jurisdiccional". Véase, 21 LPRA sec. 4703 (derogado); 21 LPRA sec. 7082. De modo que, surge claramente en la letra de la ley, su propósito de establecer el cumplimiento de la notificación al Alcalde como un requisito de naturaleza jurisdiccional que debe cumplirse en la forma, manera y dentro del término establecido. Además, lo anterior fue reafirmado por la Asamblea Legislativa en la *Exposición de Motivos* de la Ley Núm. 121-2018, a saber:

> [...] el Artículo 15.003 establece como requisito previo el comunicar mediante notificación escrita al alcalde sobre la existencia de una posible reclamación en contra del municipio. Además, en su inciso (b) dispone que el cumplimiento con la notificación al alcalde, de la forma, manera y dentro del término establecido, es un requisito de naturaleza jurisdiccional.
>
> [...]
>
> El cumplimiento cabal con cada uno de los requisitos plasmados en el Artículo 15.003, es una condición previa indispensable sin la cual no se podrá responsabilizar al municipio, ni iniciarse acción de clase alguna en su contra, en reclamaciones por daños causados por culpa o negligencia de este. Además, esta Ley establece que los términos para hacer la notificación, contenidos en el inciso (a) del Artículo 15.003 de la Ley 81-1991, según enmendada, son de caducidad y su incumplimiento es un defecto fatal.

Véase, *Exposición de Motivos* de la Ley Núm. 121-2018.

Por último, resulta importante resaltar que tal requisito de notificación persigue los siguientes fines: (1) proporcionar al gobierno la oportunidad de investigar los hechos que dan origen a la reclamación; (2) desalentar las reclamaciones infundadas; (3) propiciar un pronto arreglo de las mismas; (4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; (5) descubrir el nombre de las personas que tienen conocimiento de los

hechos y entrevistarlas mientras su recuerdo es más confiable; (6) advertir a las autoridades de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. *Acevedo v. Municipio de Aguadilla,* supra.

**B. Prescripción de las reclamaciones extracontractuales**

La prescripción es un modo de extinción de los derechos que finaliza el derecho a ejercer determinada causa de acción. *Cacho González et al. v. Santarrosa et al.,* 203 DPR 215, 228 (2019). En específico, el Artículo 1204 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9496, establece que las reclamaciones de responsabilidad civil extracontractual prescriben por el transcurso de un (1) año. En nuestro ordenamiento, el referido término de prescripción comienza a contarse desde que la persona perjudicada conoció o debió conocer que sufrió un daño, quién se lo causó y los elementos necesarios para ejercitar la causa de acción. *Íd.*; *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 374 (2012). Lo anterior, se conoce como la *teoría cognoscitiva del daño. Íd.*

La prescripción de las causas de acción se interrumpe por: (1) reclamación judicial, administrativa o arbitral, (2) reclamación extrajudicial y (3) reconocimiento de la obligación del deudor. 31 LPRA sec. 9489. Cada uno de estos mecanismos de interrupción tiene distintos requisitos, características y efectos sobre los términos prescriptivos. *Díaz Santiago v. International Textiles,* 195 DPR 862, 868 (2016).

Por un lado, instar una reclamación ante los tribunales "tiene el resultado de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente de manera que el nuevo término iniciará cuando culmine efectivamente el proceso judicial".

*Ross Valedon v. Hospital Dr. Susoni Health Community Services, Corp.,* 213 DPR 481, 496 (2024) citando a *Nevárez Agosto v. United Surety et al.,* 209 DPR 346, 357 (2022). Lo mismo aplica a las reclamaciones ejercidas ante organismos administrativos o arbitrales, debido a que caen bajo la clasificación de reclamación judicial conforme a lo estatuye el Código Civil. 31 LPRA sec. 9489. Véase, Oficina de Servicios Legislativos, Código Civil Año 2020 Comentado, págs. 1123-1124, https://www.oslpr.org/_files/ugd/ 5be21a_15cd7772b7ca4ecd84035ed394e1e517.pdf (última visita, 9 de mayo de 2025).[10]

En términos generales, la reclamación extrajudicial es aquella manifestación inequívoca por parte del acreedor en la que expresa su voluntad de no perder su derecho. *Cacho González et al. v. Santarrosa et al.,* supra. Tal reclamación puede ser verbal o escrita y no tiene requisito de forma específica para interrumpir el término prescriptivo. *Pereira Suárez v. Jta. Dir. Cond.,* 182 DPR 485, 505 (2011).[11] No obstante, nuestra jurisprudencia ha establecido ciertas exigencias para que la reclamación extrajudicial sea efectiva, a saber: (1) debe ser oportuna; (2) debe presentarla una persona con legitimación; (3) el medio utilizado para hacer la reclamación debe ser idóneo, y (4) debe existir identidad entre el derecho reclamado y el afectado por la prescripción. *Díaz Santiago v. International Textiles*, supra.

Por último, el reconocimiento de la obligación del deudor, como acto interruptor, debe ser espontáneo y con la específica intención de reconocer un derecho. *Díaz de Diana v. AJAS Ins. Co.,*

---

[10] En particular, el Artículo 1197 del Código Civil se comentó como sigue: "Este artículo proviene del 1873 del Código Civil de 1930, pero se ha añadido la posibilidad de interrumpir la prescripción no sólo mediante la demanda judicial sino también mediante reclamaciones ante las autoridades administrativas o los árbitros. La nueva redacción tiene, por lo tanto, efecto revocatorio sobre las decisiones del Tribunal Supremo que han resuelto que la reclamación administrativa no interrumpe el término de prescripción."
[11] Es importante enfatizar que, en el caso de reclamaciones contra un municipio, estas deben cumplir con los requisitos y formalidades dispuestas en el Artículo 1.051 del Código Municipal, *supra.*

110 DPR 471, 482 (1980). El reconocimiento de la deuda no se puede deducir por medios de actos indirectos o dudosos. *Íd.* Por ello, el Tribunal Supremo estimó que para determinar la aptitud interruptora del acto deben estar presentes las siguientes condiciones:

> A--Que se haya ejercitado la acción determinada a que se refiere el plazo prescriptivo señalado por ley.
> B--Que el acto de reconocimiento de la existencia de la deuda reclamada haya sido realizado por el propio deudor, con plena capacidad para obrar, o por medio de su representante legal o mandatario con facultades suficientes para realizarlo.
> C--Que dicho acto sea lícito, no contrario a las leyes, a la moral, ni al orden público.
> D--Que el acto sea libre y voluntario.
> E--Que se haya realizado el acto de reconocimiento dentro del período prescriptivo.

*Vda de Carlo v. Toro*, 99 DPR 200, 216 (1970).

## C. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil autoriza al demandado -ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero- a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio o (6) dejar de acumular una parte indispensable. *Blassino, Reyes v. Reyes Blassino*, 2024 TSPR 93, 214 DPR ___ (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, hace el siguiente planteamiento:

> "**Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así**, no aduce una reclamación que justifique la concesión de un remedio, o no se ha unido una parte indispensable, o **el tribunal no tiene jurisdiccion**, etc." Es decir, a los efectos de considerar esta moción no se

ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., Lexis Nexis, 2010, pág. 269 (énfasis suplido).

Como regla general, el tribunal al momento de adjudicar una moción desestimación bajo la precitada disposición legal, lo hace a base de lo expuesto en la alegación contra la cual se dirige. *Íd.* No obstante, si se alega falta de jurisdicción sobre la persona, el juez podrá:

> (1) evaluar la moción tomando en consideración sólo las alegaciones de la demanda, o (2) analizar los documentos y declaraciones juradas, si alguno, conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición, o (3) señalar una vista evidenciaria, o (4) posponer la decisión para después de la vista en su fondo.

*Íd.* Véase, además, *Trans-Oceanic life ins. v. Oracle Corp.,* 184 DPR 689, 706 (2012); *Molina v. Supermercado Amigo, Inc.,* 119 DPR 330, 338 (1987).

Sin embargo, el tribunal tiene gran discreción para seleccionar una de las cuatro alternativas antes esbozadas. *Molina v. Supermercado*, supra, pág. 337. Ahora bien, si el juez decide evaluar la moción de desestimación a base de las alegaciones, deberá tomar como ciertos los hechos bien alegados. R. Hernández Colón, *op. cit.,* pág. 270. Es decir, las conclusiones de derecho vertidas en las alegaciones, así como los hechos que no estén bien alegados, no deben ser considerados por el tribunal. *Íd.*

### III.

De entrada, atendemos con prioridad el segundo señalamiento de error planteado por los apelantes, en la medida en que podría afectar nuestra jurisdicción para revisar el recurso de epígrafe. Adelantamos que la moción de reconsideración presentada por los apelantes interrumpió el término para apelar. Veamos.

Sobre esto, los apelantes alegaron que la *Moción de Reconsideración de Sentencia Parcial* cumplía con todos los requisitos de la Regla 47 de Procedimiento Civil, *supra* y que, por

tanto, el foro primario incidió al no reconsiderar su determinación. No le asiste la razón, veamos.

Nuestro ordenamiento jurídico ha establecido la Regla 47 de Procedimiento Civil, *supra,* exige el cumplimiento de dos (2) estándar: oportuno y especifico. *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7-8 (2014). De un lado, el promovente de una moción de reconsideración debe cumplir con el estándar de especificidad, es decir, debe exponer con suficiente especificidad los hechos y el derecho aplicable que estima a reconsiderarse. *Íd.,* pág. 9. Por otro lado, el promovente debe presentar oportunamente la referida moción de reconsideración para que tenga el efecto de interrumpir el término de apelar la determinación en cuestión. *Íd.,* pág. 8.

Considerando lo antes expuesto, coincidimos con los apelantes en cuanto a que cumplieron con los requisitos de la Regla 47 de Procedimiento Civil, *supra.* Nótese que, la *Moción de Reconsideración de Sentencia Parcial* fue presentada oportunamente dentro del término de 15 días desde la fecha de archivo en autos de copia de la notificación de la *Sentencia Parcial.* Además, nos parece que la referida moción fue lo suficientemente específica con relación a los hechos y el derecho que debía reconsiderar el foro primario. Así pues, los apelantes cumplieron con los dos criterios rectores que exige la Regla 47 de Procedimiento Civil, *supra.*

Sin embargo, nos resulta inmeritorio el planteamiento de los apelantes, ya que el foro primario no denegó la reconsideración por incumplir con los requisitos de forma que establece la Regla 47 de Procedimiento Civil, *supra,* sino que su determinación fue en base a estricto derecho. En otras palabras, el foro primario denegó la solicitud de reconsideración debido a que, luego de analizar la misma, entendió que su determinación en la *Sentencia Parcial* era lo correcto y procedente en derecho.

En fin, concluimos que la moción de reconsideración presentada interrumpió el termino apelativo y, por tanto, tenemos jurisdicción para revisar el caso de epígrafe.

A continuación, procedemos atender el primer señalamiento de error planteado por los apelantes. En síntesis, argumentaron que el foro primario incidió a desestimar la *Demanda Jurada* contra el Municipio bajo el fundamento que se incumplió con el Artículo 1.051 del Código Municipal, *supra,* y que la causa de acción estaba prescrita. Asimismo, señalaron que no tenían que cumplir con el Artículo 1.051 del precitado estatuto, toda vez que habían establecido en la *Demanda Jurada* su condición de incapacidad, y lo que procedía era permitir el descubrimiento de prueba a esos efectos, así como la celebración de una vista evidenciaria para dilucidar el asunto. Añaden que se interrumpió el término prescriptivo de la causa de acción con las cartas anejadas en su *Oposición a Desestimación.* Dado lo anterior, adujeron que el foro primario erró al no acoger su *Moción de Reconsideración de Sentencia Parcial,* la cual cumplía con los requisitos establecidos en la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V., R. 47. No le asiste la razón. Veamos.

Según el derecho que expusimos en el acápite II de esta *Sentencia,* el Artículo 1.051 del Código Municipal, *supra,* requiere que la persona que tenga intención de demandar por daños a un Municipio debe así notificárselo al Alcalde correspondiente dentro de un término de caducidad de noventa (90) días, contados a partir de que tuvo conocimiento de los alegados daños. Este requisito de notificación es de naturaleza jurisdiccional y, por ende, su incumplimiento es un defecto fatal.

Expusimos, además, que la precitada disposición sustituyó y es sustancialmente similar al Artículo 15.003 de la derogada Ley Núm. 81-1991, salvo unos cambios de estilo. Esta última fue

enmendada por la Ley Núm. 121-2018, a los fines de precisar de forma clara e inequívoca que el requisito de notificación al Municipio es de carácter jurisdiccional con un término de caducidad para su cumplimiento. Véase, *Exposición de Motivos* de la Ley Núm. 121-2018. Por tanto, tal enmienda tuvo la intención de derogar la jurisprudencia que interpretó que el requisito de notificación al Municipio era de cumplimiento estricto y que había circunstancias en las cuales mediaba justa causa para eximir su cumplimiento.

Ante este escenario legislativo, debemos tener presente que ni la intención del legislador ni las disposiciones precitadas resultan ambiguas, por lo que es nuestro deber remitirnos al texto de la ley. El legislador imprimió carácter jurisdiccional al requisito de notificar la intención de demandar al Municipio. En cuanto al término para cumplir con la referida notificación, el legislador estableció un término de caducidad de noventa (90) días. Por tanto, los apelantes tenían que notificar su intención de demandar al Municipio en el término de caducidad noventa (90) días proscritos en el Artículo 1.051 del Código Municipal, *supra.*

Surge del expediente de epígrafe que, los apelantes alegaron que el 11 de enero de 2023 ocurrió el accidente laboral que ocasionó los alegados daños sufridos. Desde tal fecha comenzó a transcurrir el término de caducidad de noventa (90) días para notificar al Municipio. A partir de esa fecha, los apelantes tenían todos los elementos necesarios para hacer su reclamación, ya que conocían el alegado daño causado. No obstante, no consta en las alegaciones que los apelantes hayan remitido una notificación al Municipio sobre su intención de hacer una reclamación sobre daños en su contra. Lo único que consta en el expediente ante nuestra consideración es: (i) una citación dirigida al Municipio por parte de la Administración de Seguridad y Salud Ocupacional de Puerto Rico del Departamento del Trabajo y Recursos Humanos (en adelante,

"PR-OSHA"); (ii) una carta del señor Ocasio Henríquez, empleado del Municipio, dirigida al Departamento de Recursos Humanos del Municipio; (iii) una carta de un policía municipal dirigida al Alcalde del Municipio; (iv) una descripción y certificación del puesto del señor García Sánchez; (5) una carta de un empleado municipal de la Oficina de Seguridad y Salud Ocupacional dirigida al Departamento de Recursos Humanos del Municipio. Véase, Apéndice de los apelantes, anejo 8, págs. 54-72.

Enfatizamos, pues, que el propio Artículo 1.051 del Código Municipal, *supra,* requiere que la notificación sea remitida por el reclamante del alegado daño hacia el Municipio correspondiente. Establece, además, que una notificación ante una entidad estatal o municipal, que no sea el Municipio correspondiente, no será válida. De manera que, en este caso, los apelantes debieron remitir una notificación al Alcalde del Municipio Autónomo de Humacao, pero no lo hicieron.

En consecuencia, habiendo ya transcurrido el término de caducidad de noventa (90) días sin efectuarse notificación alguna al Municipio por parte de los apelantes, se incumplió con el requisito jurisdiccional del Artículo 1.051 del Código Municipal, *supra.* Según la letra de la precitada disposición, los apelantes, no podían iniciar una reclamación por daños contra el Municipio sin antes haber cursado esa carta de notificación.

A esos efectos, resulta forzoso concluir que el foro primario no tenía jurisdicción para atender la controversia ante su consideración. Por tanto, actuó correctamente el foro primario al desestimar la *Demanda Jurada* en cuanto al Municipio.

En contraposición a lo anterior, los apelantes argumentaron que, debido a la condición de incapacidad establecida en la *Demanda Jurada,* no les aplicaba el requisito dispuesto en el Artículo 1.051 del Código Municipal, *supra.* Por ello, los apelantes

entienden que no procedía la desestimación de la *Demanda Jurada,* sino permitir el descubrimiento de prueba y celebrar una vista evidenciaria para dilucidar el asunto de incapacidad. Tal planeamiento es inmeritorio.

Ciertamente, el Artículo 1.051 del Código Municipal, *supra,* establece que, si la persona con intención de demandar al Municipio tiene una imposibilidad física o mental, no tiene que cumplir con el requisito de notificación hasta los treinta (30) días siguientes al cese de su incapacidad. Es decir, un reclamante incapacitado -física o mentalmente- podría cumplir con el requisito de notificación fuera del término de caducidad de noventa (90) días, siempre que lo haga treinta (30) días luego que cese su incapacidad.

En primer lugar, tras un análisis minucioso de la *Demanda Jurada* no encontramos alguna alegación sobre la incapacidad de los apelantes para hacer valer sus derechos por sí o por su representación legal. En cambio, señalamos que lo único que surge de la *Demanda Jurada* es una alegación conclusoria sobre su incapacidad para trabajar. Véase, apéndice de los apelantes, anejo I, pág. 3. Alegaron, además, que el señor García Sánchez estuvo recluido en el Hospital Capestrano a causa de depresión. Véase, apéndice de los apelantes, anejo I, pág. 4. Sin embargo, nada alegaron en torno al periodo de tiempo o las fechas de su reclusión en el Hospital Capestrano y de cuándo cesó la alegada incapacidad. En consecuencia, no hallamos alegación alguna que sustente la imposibilidad de cumplir con el requisito de notificación al Municipio dentro del término jurisdiccional de noventa (90) días, ni que se realizó tal notificación en los treinta (30) días posteriores al cese de dicha incapacidad, como exige el Código Municipal, *supra.* Por lo tanto, reafirmamos que los apelantes incumplieron con los requisitos jurisdiccionales de notificación para proceder con su reclamación contra el Municipio.

En segundo lugar, al evaluar una solicitud de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra,* el tribunal lo hará considerando las alegaciones de la demanda. Salvo, que sea una moción bajo el inciso (2) de la Regla 10.2 antes citada. Es decir, si se alega falta de jurisdicción sobre la persona, el tribunal tendrá a su discreción cuatro (4) alternativas para adjudicar la moción de desestimación. En lo aquí pertinente, entre las alternativas se encuentra evaluar la moción tomando en consideración solo las alegaciones de la demanda o señalar una vista evidenciaria.

En el caso ante nuestra consideración, el foro primario al utilizar su discreción resolvió la moción de desestimación presentada por el Municipio con la alternativa general de considerar las alegaciones de la demanda. El foro primario pudo haber seleccionado cualquiera de las cuatro (4) alternativas, incluso pudo ordenar una vista evidenciaria. Sin embargo, en su discreción, escogió la opción de examinar las alegaciones de la *Demanda Jurada* que presentaron los apelantes.

Es norma firmemente establecida que, de ordinario, el Tribunal de Apelaciones no debe intervenir con el ejercicio de la discreción de los foros primarios, salvo que se demuestre que hubo craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.,* supra, pág. 709 citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Así que, ante la ausencia de abuso de discreción, prejuicio, error manifiesto o parcialidad, concluimos que el foro primario no erró en su decisión discrecional de no celebrar una vista evidenciaria en el caso de epígrafe.

**IV.**

Por los fundamentos expuestos, se **confirma** la *Sentencia Parcial* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones